# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1310

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Kenneth Camp, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 17, 2004
Filed: June 16, 2005

_____

Before RILEY,  JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Kenneth Camp pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The district court[1] sentenced him to thirty-six months of imprisonment to be followed by three years of supervised release. Camp appeals from the imposition of a term of supervised release that requires him to disclose financial information to his probation officer upon request.  We affirm.

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

Officers from the Pine Bluff, Arkansas, Police Department responded to a call that shots had been fired from a car. An officer saw a car matching the description they had received. The officer obtained the license plate number and, as he followed it, the vehicle began to move more erratically and quickly. The police car deliberately stayed with the vehicle and a chase ensued, joined by other officers from the department. The officers eventually stopped the car. Camp was its only occupant, and a loaded .45 caliber weapon was found on the passenger seat. Because Camp had previously been convicted of the second degree felony of battery, he was indicted for being a felon in possession of a firearm.

Camp received a sentence of thirty-six months in prison followed by three years of supervised release. The district court specifically declined to impose a fine, telling Camp, "I'm not going to impose a fine because you can't pay a fine and you have these children to support. I'm also not going to require any type of restitution . . . ." The district court added four additional supervised release terms beyond the standard conditions, three of which are related to Camp's child support obligations. They include a requirement that Camp be employed or actively looking for employment, that he follow state court child support orders, and that he disclose financial information upon request of the probation office and not obtain new lines of credit without that office's approval. In announcing these terms, the district court stated, "I'm aware that you are in arrears of your child support and you have a sketchy employment history, and I hope that you can [im]prove on that."

Camp argues on appeal that the district court abused its discretion by imposing the special release condition that requires him to reveal financial information to the probation office upon request. While the appeal was pending but before the case was submitted, he also raised a Sixth Amendment challenge to the increase in the sentence he received for an earlier conviction without a jury having decided whether that offense was a crime of violence. Because Camp did not preserve this issue for appeal, we review it for plain error.

The parties disagree on the standard of review with respect to the special condition of supervised release because they have differing views as to whether Camp raised a timely objection at the sentencing hearing. Camp asserts that he did object so as to preserve the claim of error under Federal Rule of Criminal Procedure 51 and that the appropriate standard is abuse of discretion. The government urges us to apply plain error review because it argues that Camp failed to raise an objection. We assume without deciding that Camp's counsel sufficiently called into question the propriety of the special condition so as to preserve the issue for appeal, as our disposition is the same under either standard.

The transcript reveals that the district court announced the special condition immediately following her recitation of the sentence. The condition had not been recommended in the presentence investigation report, so Camp and his counsel had no notice that it would be imposed. As soon as the district court concluded, Camp's counsel sought permission to make an inquiry about the required disclosure of financial information. She asked, "[B]eing that this is not a white collar crime, would he still be . . . required to do that?" The district court responded:

> Yes, he will be. Because I want him to support his children and he hasn't been doing that. That's going to be a special condition, that he pay child support. He will not only be in violation of the state court orders, he will be in violation of supervised release for me. And I'm going to direct the supervising officers to monitor that and to report to me any violation. So he might have to go back to prison if he fails to pay child support. That's important to me.

This exchange demonstrates that defense counsel questioned the propriety of the special condition because it was imposed in an atypical case. See U.S.S.G. § 5D1.3(d) (access to financial information recommended as special condition of

supervised release if court imposes order of restitution, forfeiture, notice to victims, or fine). The district court understood and responded to the question, making it clear that she was not going to reconsider her decision. These are the hallmarks of preserving an issue for appeal. Cf. United States v. Henkel, 358 F.3d 1013, 1015 (8th Cir. 2004) (plain error review appropriate for review of terms and conditions of supervised release where defendant did not object or request an explanation of the district court's decision concerning an imposed condition).

Because the record is sparse, however, and because the legal analysis yields the same result under either plain error or abuse of discretion, we need not decide whether counsel's inquiry satisfies the requirements of Rule 51. The United States Sentencing Commission[2] duplicated and consolidated language contained in sentencing statutes that directs district courts to consider particular issues in determining conditions of supervised release. Certain conditions are required under 18 U.S.C. § 3583(d). That same statute also provides:

> The court may order, as a further condition of supervised release, to the extent that such condition–
>
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);

---

[2]The Sentencing Guidelines are now effectively advisory, and district courts have been directed that they may tailor a sentence in accordance with the factors listed in 18 U.S.C. § 3553(a). United States v. Booker, 125 S. Ct. 738, 756-57 (2005). Most of that subsection already expressly applied to conditions of supervised release. 18 U.S.C. § 3583(d).

any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate.

As subsection (1) above directs, any discretionary conditions must be reasonably related to:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed – . . .
> > (B) to afford adequate deterrence to criminal conduct;
> > (C) to protect the public from further crimes of the defendant; and
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . .

18 U.S.C. § 3553. In sum, "conditions that restrict a probationer's freedom must be especially fine tuned." United States v. Prendergast, 979 F.2d 1289, 1293 (8th Cir. 1992) (quoting United States v. Tolla, 781 F.2d 29, 34 (2d Cir. 1986)).

We have rejected conditions of release that were imposed without any evidence of their need and were not reasonably related to deterrence, protecting the public, or providing necessary training or correctional treatment. United States v. Scott, 270 F.3d 632 (8th Cir. 2001) (district court abused its discretion by imposing special conditions of sex offenders on defendant convicted of armed bank robbery because conditions were not related to offense of conviction and not reasonably necessary to deter defendant from repeating fifteen-year-old sex crime); United States v. Kent, 209 F.3d 1073, 1075-78 (8th Cir. 2000) (defendant convicted of mail fraud and financial institution reporting violation should not have been subjected to condition whereby probation officer could force participation in counseling because condition bore no relationship to crime, it had no deterrent effect, there was no evidence of its necessity, and it was an excessive infringement on defendant's liberty); United States v. Bass,

121 F.3d 1218, 1223-24 (8th Cir. 1997) (imposing special conditions forcing abstention from alcohol usage on defendant convicted of drug charge was abuse of discretion because no evidence of alcohol abuse existed and condition not reasonably related to goals of rehabilitation and protection of public); Prendergast, 979 F.2d at 1292-93 (abuse of discretion to impose special conditions prohibiting defendant convicted of wire fraud from consuming alcohol and being subject to warrantless searches for drugs and alcohol because no reasonable relationship exists between condition and goals of rehabilitation and protection).

Camp was convicted of a status offense, that of being a felon in possession of a firearm. Clearly, the condition of release is not reasonably related to this offense. However, the condition is reasonably related to Camp's history of non-payment of his child support obligations. We have noted that it is not necessary for a special condition to be related to all of the statutory factors, but rather they are to be weighed independently. Kent, 209 F.3d at 1076 n.3 ("[I]t is not necessary that all of the factors . . . be present in order to avoid a finding of abuse of discretion; rather, each are independent factors to be weighed. The special condition imposed need not be related to each and every one of the factors."). Section 3583 allows district courts to impose conditions in light of the defendant's history and characteristics and for the purposes of deterrence and protecting the public from future criminal conduct. Camp was subject to a state court order of child support that was in arrears. A condition that monitors Camp's financial obligations will help prevent him from diverting money away from his child support payments and will protect the financial needs of his children. See United States v. Barajas, 331 F.3d 1141, 1143-47 (10th Cir. 2003) (district court did not err in imposing conditions on defendant who pleaded guilty to being a felon in possession of a firearm requiring him to pay child support and undergo mental health counseling because the conditions relate to his history and characteristics).

The district court did not restrict Camp's liberty more than is reasonably necessary to fulfill the sentencing goals. The condition requires Camp to disclose financial information upon the request of the probation office and to obtain that office's approval before opening any new lines of credit. It is not a prohibition on behavior, but rather a monitoring device that is to be used by the probation office to complement the conditions that he follow state court child support orders and remain employed or actively seek employment. Although this condition is more typically used where the defendant is ordered to pay restitution or a fine, it is also available in other appropriate situations. See United States v. Behler, 187 F.3d 772, 780 (8th Cir. 1999) (defendant not ordered to pay restitution or fine after conviction on drug-trafficking and related offenses but required to give probation officer access to financial information because it would allow monitoring his financial situation to detect return to drug distribution lifestyle).

The district court did not err by requiring Camp to make financial disclosures to the probation office upon request.

## II.

Before the submission of this appeal, Camp's counsel provided a letter pursuant to Federal Rule of Appellate Procedure 28(j) challenging the constitutionality of Camp's sentence under Blakely v. Washington, 124 S. Ct. 2531 (2004). The district court enhanced Camp's sentence under the Sentencing Guidelines because his criminal history included a felony conviction for a crime of violence. Camp alleges that his Sixth Amendment rights have been violated because the fact that his earlier conviction was for a crime of violence was not found by a jury. After submission, Camp filed a supplemental brief that applied the Supreme Court's holding in United States v. Booker, 125 S. Ct. 738 (2005), to his argument.

Camp's argument is unavailing. The fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. Booker, 125 S. Ct. at 756. This court has held that the nature of a conviction is to be treated no differently from the fact of a conviction for purposes of Sixth Amendment analysis. "Once the sentencing court determines that a prior conviction exists, it is a legal question for the court whether the crime meets the 'crime of violence' definition of § 4B1.2 of the United States Sentencing Guidelines." United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005) (decided post-Booker). This determination is made by examining the nature of the expressly charged conduct. United States v. Nation, 243 F.3d 467, 472 (8th Cir. 2001). In Camp's case, the charged conduct was battery. Because the district court was entitled to determine whether Camp had an earlier conviction for a crime of violence, Camp's sentence does not involve a Sixth Amendment violation.

Camp did not object in the district court to his sentence on the basis of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely, or the constitutionality of the Guidelines. Accordingly, we review under the plain error standard. Fed. R. Crim. P. 52(b). United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005). "The defendant has the burden of proving plain error. . . . Appellate review under the plain-error doctrine, of course, is circumscribed and we exercise our power under Rule 52(b) sparingly." Id. at 550 (citations omitted). That standard allows an error to be corrected that was not raised at trial if it was in fact an error, it was plain, and it affected the defendant's substantial rights. If those three conditions are met, the district court has discretion to correct the error if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 732-36 (1993).

The district court committed an error that was plain by applying the Guidelines as mandatory, a practice that is no longer valid under Booker. Pirani, 406 F.3d at 550. As for the third part of the Olano test, Camp has the burden to demonstrate "a reasonable probability that he would have received a more favorable sentence with

the <u>Booker</u> error eliminated by making the Guidelines advisory." <u>Id.</u> at 551. The record reveals no indication that the district court would have sentenced Camp to a shorter term but for the Guidelines. The record is silent on the issue, so Camp is unable to meet his burden. Accordingly, we conclude that Camp suffered no prejudice from the plain error.

We affirm.

_____