# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3314

_____

United States of America,             *
                                              *

          Appellee,           *
                                              *   Appeal from the United States

     v.                      *   District Court for the
                                              *   Western District of Missouri.

Norman Hardesty,              *
                                              *      [UNPUBLISHED]

          Appellant.          *

_____

Submitted: March 13, 2006
Filed: March 28, 2006

_____

Before COLLOTON, HEANEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Norman Hardesty pleaded guilty to two counts of being a felon in possession of firearms on two separate occasions, in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 235 months of imprisonment to be followed by five years of supervised release. On appeal, Hardesty argues his Sixth Amendment rights to trial by jury and proof beyond a reasonable doubt were violated because his prior convictions which were used to enhance his sentence were neither admitted by him, nor proved to a jury beyond a reasonable doubt.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

Although Hardesty concedes that his argument is contrary to <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), he contends that <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), and <u>Apprendi v. New Jersey</u>, 530 U.S 466 (2000) severely undermine the holding of <u>Almendarez-Torres</u> that a district court is entitled to determine the nature and existence of a defendant's prior convictions without submitting these issues to a jury.  This court has repeatedly held since <u>Blakely</u> and <u>United States v. Booker</u>, 543 U.S. 220 (2005), that the determination of the nature of a defendant's prior offense is a legal question to be determined by the district court. <u>See</u> <u>United States v. Kendrick</u>, 423 F.3d 803, 810 (8th Cir. 2005); <u>United States v. Camp</u>, 410 F.3d 1042, 1047 (8th Cir.2005); <u>United States v. Marcussen</u>, 403 F.3d 982, 984 (8th Cir.), <u>cert. denied</u>, 126 S. Ct. 457 (2005).  Accordingly, we affirm.

_____