**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mark Daniel DEHAVEN, Defendant–Appellant.**

**No. 15–12552**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 10, 2016.

Cherie Krigsman, David Paul Rhodes, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, Nicole M. Andrejko, Ilianys Rivera Miranda, U.S. Attorney's Office, Orlando, FL, for Defendant–Appellant.

Rosemary Cakmis, Donna Lee Elm, Robert Godfrey, Larry B. Henderson, Federal Public Defender's Office, Orlando, FL, for Defendant–Appellant.

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Mark Daniel Dehaven appeals the terms of his supervised release imposed after pleading guilty to one count of receipt of child pornography, pursuant to 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1). Dehaven argues that the district court abused its discretion in imposing special conditions of supervised release that required Dehaven to: (1) submit to random drug testing; (2) obtain probation officer approval before incurring new credit charges, opening new lines of credit, or making major purchases; and (3) obtain probation officer approval before coming into contact with his children. After thorough review, we affirm.

We review a district court's imposition of a special condition of supervised release for abuse of discretion. *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003). We will reverse only if we have a

definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached. *Id.* Where a defendant fails to raise an objection in the district court, he waives the objection on appeal, and we are limited to reviewing for plain error. *United States v. Zinn,* 321 F.3d 1084, 1087 (11th Cir.2003). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner,* 474 F.3d 1265, 1276 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court. *United States v. Schultz,* 565 F.3d 1353, 1357 (11th Cir.2009).

■ First, we are unconvinced by Dehaven's argument that the district abused its discretion in imposing a special condition of supervised release that required Dehaven to submit to random drug testing. When imposing a term of supervised release, the district court is required to impose a condition that the defendant refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance. 18 U.S.C. § 3563(a)(5). However, this condition may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse by the defendant. *Id.* In addition, the district court may order discretionary conditions that:

(1) are reasonably related to the nature and circumstances of the offense, history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involve no greater deprivation of liberty than is reasonably necessary; and (3) are consistent with any pertinent policy statements issued by the sentencing commission. *Id.* § 3563(b); 18 U.S.C. § 3583(d)(1)-(3).

"In determining to impose some imprisonment or none, some fine or none, some probation[1] or none, and some conditions the violation of which will warrant termination of probation, the sentencing judge is given wide discretion to compound a prescription for the individual case before him." *United States v. Cothran,* 855 F.2d 749, 751–52 (11th Cir.1988) (quotation omitted). A special condition does not need to relate to the nature of the offense of conviction, nor does it need to relate to each applicable § 3553(a) factor; rather, each factor is an independent consideration to be weighed. *United States v. Bull,* 214 F.3d 1275, 1278 (11th Cir.2000).

In this case, the district court did not abuse its discretion by requiring Dehaven to submit to random drug tests throughout the year during his supervised release— even though the district court waived the mandatory drug tests, and even though Dehaven might be at a low risk of substance abuse. Both the Seventh and Ninth Circuits have upheld the imposition of the mandatory drug testing requirement during supervised release in cases where the defendants did not have any drug history. *See United States v. Jeremiah,* 493 F.3d 1042, 1046–47 (9th Cir.2007) (persua-

1. Probation, the former system of supervised release, and supervised release "are in fact conceptually the same." *United States v. Frazier,* 26 F.3d 110, 113 (11th Cir.1994).

sive authority); *United States v. Guy,* 174 F.3d 859, 861–62 (7th Cir.1999) (persuasive authority) (reviewing for plain error). A district court has broad discretion to impose special conditions of supervised release, *see Bull,* 214 F.3d at 1278; *Cothran,* 855 F.2d at 751–52; *Guy,* 174 F.3d at 861–62, and the district court did not abuse its discretion here.

■ Similarly, we find no merit to Dehaven's claim that the district court abused its discretion in imposing special conditions of release related to his finances. The Sentencing Guidelines recommend a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer if the court has imposed on the defendant an installment schedule to pay restitution or a fine. U.S.S.G. § 5D1.3(d)(2). The Guidelines recognize that this condition is not necessary if the defendant is in compliance with the payment schedule. *Id.* The Guidelines also provide that the court may impose this condition in any case where it "may otherwise be appropriate." *Id.*

In *United States v. Camp,* 410 F.3d 1042, 1046 (8th Cir.2005) (persuasive authority), the defendant was convicted of being a felon in possession of a firearm, and the district court nevertheless required the defendant to obtain the probation office's approval before opening any new lines of credit. The Eighth Circuit held that the district court did not abuse its discretion in imposing this condition of release, even though it was not related to the firearm offense. *Id.* It reasoned that the credit-line condition was reasonably related to Camp's history of non-payment of his child support obligations, and was a monitoring device the probation officer could use to complement the conditions that the defendant follow state court child

support orders and remain employed or actively seek employment. *Id.*

Here, the district court imposed special conditions of supervised release that prohibited Dehaven from incurring new credit card charges, opening new lines of credit, and obligating himself to major purchases without approval of the probation officer. In addition, Dehaven is required to provide the probation officer access to any requested financial information. Dehaven is also prohibited from possessing a computer with access to the internet without prior written approval and is required to permit routine inspection of his computer system, hard drives and any other media storage materials. The district court noted that if Dehaven wants to get a credit card during supervised release, and he believes his probation officer is being unreasonable, he can always seek redress from the court at that time.

In support of these financial conditions, the record reveals that Dehaven was a church minister and had children, for which he made two child support payments after being separated from his wife in 2014 before he was arrested. The record also shows that Dehaven received, via e-mail, material containing images of child pornography, and that law enforcement found images of child pornography on Dehaven's computer. Although the description of the offense did not mention any payment for the child pornography, the district court observed that people usually only possess child pornography through a computer or an electronics device.

Because Dehaven's conviction is for child pornography, which generally requires a major purchase of a computer, the financial conditions are reasonably related to prohibiting the use of child pornography. The condition will allow the probation officer to know whether Dehaven has a new computer or phone that needs to be

inspected. Also, since applying for a new credit card requires employment information, the condition will inform the probation officer of any new employment that is inappropriate. And although there is no evidence of child support non-payments, Dehaven is still required to pay child support. In any event, this kind of condition is not a prohibition on behavior, but a monitoring tool to be used by the probation officer to supplement the other conditions by monitoring Dehaven's internet use and employment. *See Camp*, 410 F.3d at 1046. Therefore, the district court did not commit a clear error of judgment and did not abuse its discretion in imposing the financial conditions.

 Finally, we are unpersuaded by Dehaven's claim—raised for the first time on appeal—that the district plainly erred in imposing a special condition of supervised release that required Dehaven to obtain probation officer approval before coming into contact with his children. It is well established that the "relationship between parent and child is constitutionally protected." *Quilloin v. Walcott*, 434 U.S. 246, 255, 98 S.Ct. 549, 54 L.Ed.2d 511 (1978). While "the Sentencing Guidelines recognize that a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir.2010) (quotations and citations omitted).

Neither this Court nor the Supreme Court has directly addressed this issue. The Sixth Circuit, however, has upheld a special condition of supervised release prohibiting a defendant convicted of possessing child pornography from associating with minors, including his daughter, without first receiving written authorization from his probation officer, even though there was no history of contact with children. *United States v. Widmer*, 785 F.3d 200, 209 (6th Cir.2015), *cert. denied*, —— U.S. ——, 136 S.Ct. 701, 193 L.Ed.2d 528 (2015) (persuasive authority). Similarly, the Eighth Circuit has upheld a condition requiring a defendant who pled guilty to receiving child pornography to have no contact with anyone under the age of 18 without the express written permission of the probation office, including his grandchildren. *United States v. Mickelson*, 433 F.3d 1050, 1056–57 (8th Cir.2006) (persuasive authority).

Because there is no precedent on point in this Court or the Supreme Court, the district court's condition of supervised release prohibiting Dehaven from contact with his children is not plain error. *See Schultz*, 565 F.3d at 1357. In any event, the Sixth Circuit and the Eighth Circuit opinions suggest that there was no error at all. This is especially true since the government argued in the district court that Dehaven was a pedophile who had been downloading and viewing child pornography for years, and requiring prior approval before a convicted sex offender has contact with minors is a reasonable means of ensuring that such contact remains appropriate. *See Mickelson*, 433 F.3d at 1056–57.

**AFFIRMED.**