# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3788

_____

United States of America

*Plaintiff - Appellee*

v.

Benjamin One Deer Hart

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: June 14, 2016
Filed: July 13, 2016

_____

Before MURPHY and SHEPHERD, Circuit Judges, and PERRY,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

Benjamin One Deer Hart was convicted by a jury of two counts of assault with a dangerous weapon and one count of assault resulting in serious bodily injury in

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

violation of 18 U.S.C. § 113(a)(3), (6). The district court[2] sentenced him to 50 months imprisonment on each count, to be served concurrently, followed by a three-year term of supervised release. Hart appeals from the imposition of two conditions of supervised release requiring him to provide financial information to the Probation Office upon request and prohibiting him from incurring any new credit card charges or opening lines of credit without approval from the United States Probation Office. We affirm.

## I.

At trial, Hart's stepmother described her interactions with Hart on the day of the assaults. On July 10, 2014, Hart visited the trading post where his stepmother worked and asked to borrow money. His stepmother described him as agitated. When she refused to lend him money, Hart left the trading post. Shortly thereafter, his stepmother received a call from a family member informing her that Hart was at her home. Hart's stepmother spoke to Hart on the phone and instructed him to leave. Shortly thereafter, she received a call telling her that Hart had stabbed her nephew, who had been visiting her home.

At his October 2015 sentencing, Hart was ordered to pay restitution of ten dollars to the victim and a special assessment of three hundred dollars. Hart has a history of mental illness and chemical dependency and was additionally ordered to contribute to the cost of treatment for his drug problem. At the time of sentencing, Hart had an outstanding balance of $185.00 on a previous fine for a disorderly conduct conviction. Hart also has a previous felony conviction for terroristic threats, which arose from an argument between Hart's girlfriend and a neighbor over money.

---

[2]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

II.

"When a defendant properly objects at sentencing, we review special conditions for abuse of discretion." United States v. Deatherage, 682 F.3d 755, 757 (8th Cir. 2012). The government argues that Hart's counsel failed to preserve his objection to the financial conditions of supervised release, so the plain error standard applies. See United States v. Davis, 452 F.3d 991, 994 (8th Cir. 2006). However, because Hart's counsel notified the bench as to what conditions he found objectionable, indicated that he found them objectionable "in light of the circumstances of the offense," the court understood the objection, considered it, and responded, we find Hart adequately preserved his objection.[3] While the objection could have been clearer, Hart's counsel's indication that the objection was based on the circumstances of the offense differentiates it from objections this court has found inadequate. See United States v. Simons, 614 F.3d 475, 478-479 (8th Cir. 2010) (applying the plain error standard of review where attorney only made a general objection before the district court). Thus, we apply an abuse of discretion standard to Hart's appeal.

"Conditions of supervised release are governed by 18 U.S.C. § 3583(d)." United States v. Harris, 794 F.3d 885, 888 (8th Cir. 2015). "A district court has broad discretion to impose special conditions of supervised release, so long as each condition complies with the [three] requirements set forth in 18 U.S.C. § 3583(d)." Deatherage, 682 F.3d at 758 (quoting United States v. Springston, 650 F.3d 1153,

_____

[3]At the sentencing hearing, the following exchange took place:

[Attorney for Hart]: I would ask that the Court note an objection to the supervision conditions, specifically the financial ones, in light of the circumstances of the offense.

[The Court]: All right. Those were recommended by Probation, is that true?
[Probation Officer]: Yes, your Honor.
[The Court]: Objection noted but overruled.

1155 (8th Cir. 2011), vacated and remanded on other grounds, --- U.S. ----, 132 S. Ct. 1905 (2012)). Section 3583(d) first requires that any special condition be reasonably related to: "[A] the nature and circumstances of the offense and the history and characteristics of the defendant, [B] the need to afford adequate deterrence to criminal conduct, [C] the need to protect the public from future crimes of the defendant, and [D] the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Harris, 794 F.3d at 888-89 (referencing 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)). The special condition need not be related to all four factors; instead, the factors are weighed independently. United States v. Schaefer, 675 F.3d 1122, 1124 (8th Cir. 2012). Second, § 3583(d) requires that each special condition "must involve no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide for the defendant's educational, vocational, medical, and other correctional needs." Deatherage, 682 F.3d at 758 (quoting Springston, 650 F.3d at 1156). Finally, any special condition imposed "must be consistent with any pertinent policy statements issued by the Sentencing Commission." Id. While this court encourages detailed individual findings, where the basis for the special condition can be discerned from the record, the condition need not be vacated. See Schaefer, 675 F.3d at 1124.

The special conditions to which Hart objects are: (j) "[Hart is] ordered to provide the Probation Office access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills[,]" and (k) "[Hart is] prohibited from incurring any new credit card charges or opening additional lines of credit without the approval of the Probation Office." Hart argues that because his crime had nothing to do with finances or financial irresponsibility, these conditions are not reasonably related to protecting the public, his correctional needs, or his history and characteristics, meaning they necessarily must deprive him of more liberty than is necessary.

-4-

Under United States Sentencing Guideline § 5D1.3(d)(2), "a condition prohibiting the defendant from incurring new credit charges or opening additional lines of credit without approval of the probation officer unless the defendant is in compliance with the payment schedule," is recommended "[i]f an installment schedule of payment of restitution or a fine is imposed" or where otherwise appropriate. Access to financial information is recommended "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine" or where otherwise appropriate. U.S.S.G. § 5D1.3(d)(3).

Despite Hart's protests, the district court's basis can be discerned from the record. The record shows that Hart committed the instant crime almost immediately after asking his stepmother for money and that his prior conviction for terroristic threats related to money. Further, Hart was ordered to pay restitution of ten dollars, a special assessment of three hundred dollars, and to contribute to the cost of drug treatment. Hart also owed an additional $185.00 arising out of a prior offense. In United States v. Camp, we upheld almost identical financial conditions while recognizing that they were not reasonably related to the offense for which Camp was sentenced. 410 F.3d 1042, 1046 (8th Cir. 2005) (permitting credit conditions based on unpaid child support obligations for a defendant convicted of being a felon in possession of a firearm). Here, the record does reveal that Hart's financial condition potentially has played a role in Hart's criminal conduct. Further, this court has recognized that these conditions are "not a prohibition on behavior, but rather a monitoring device that [can] be used by the probation office to complement" other conditions. Id. These conditions are "typically used where the defendant is ordered to pay restitution or a fine, [but are] also available in other appropriate situations." Id. Hart likens this case to United States v. Campos, where this court struck down a special condition specifically prohibiting "any additional tattoos," which was based on the district court's reasoning that the cost of tattoos could interfere with the defendant's ability to pay for court-ordered substance abuse and mental health counseling programs. 816 F.3d 1050, 1054 (8th Cir. 2016). However, in Campos,

we specifically noted how "one particular expenditure hardly is related to [the defendant's] educational, vocational, medicinal, or other correctional needs." Id. (internal quotations omitted).  In this case, Hart faces an unpaid assessment and contribution to drug treatment costs, and the prohibition against incurring credit card debt or opening a new line of credit without Probation Office approval is reasonably related to the circumstances of the offense and deterring further criminal conduct.

To the extent that this court has expressed concerns about expanding credit conditions to non-financial crimes where there is no child support obligation nor sizable restitution owing, the district court will have "abundant opportunity to amend or ameliorate any unreasonable adverse impact" during the term of Hart's release. Deatherage, 682 F.3d at 765; see also United States v. Weiss, 328 F.3d 414, 417-18 (8th Cir. 2003) (upholding a requirement that defendant not open new lines of credit or incur debt without permission where defendant was ordered to pay $3,740 in restitution and had a documented history of unemployment and no assets) (citing United States v. Ervasti, 201 F.3d 1029, 1046-47 (8th Cir. 2000) (finding a prohibition on credit charges or lines of credit without approval within the court's discretion where the defendant had been ordered to pay in excess of $5.7 million in restitution)).  For these reasons, we find that under these specific circumstances, the district court did not abuse its discretion in imposing these conditions. U.S.S.G. § 5D1.3(d)(2)-(3) (recognizing that these conditions may be appropriate in particular cases).  We affirm.

_____