COLLOTON, Circuit Judge,
dissenting.
This court has upheld the imposition of the disputed special conditions of supervised release over ■ the same objections raised by the court in this case. I therefore conclude that the district court did not abuse its discretion in fashioning special conditions for Ricky Sherwood and would affirm the judgment.
The court sets forth three leading objections to the financial conditions imposed by the district court — (1) the conditions were unrelated to the offense of conviction, (2) the conditions did not accompany an order of restitution, forfeiture, or fine, or noncompliance with a court-ordered installment schedule, see USSG § 5D1.3(d)(2), (3), and (3) the district court did not provide advance notice that it would impose the conditions. In United States v. Camp, 410 F.3d 1042 (8th Cir. 2005), however, we upheld the same conditions after acknowledging that they were' imposed without notice, id. at 1044, where the defendant was not ordered to pay restitution or a fine, id. at 1046, and where the conditions *398 were not reasonably related to the offense of conviction (in that case, unlawful possession of a firearm). Id. These factors did not establish an abuse of discretion, because a special condition need not be related to all of the statutory factors in 18 U.S.C. § 3583(d), financial conditions may be imposed in appropriate situations despite the absence of a fine or restitution order (Camp owed child support payments), and no advance notice is required so long as the defendant may object at the hearing. Sherwood had notice of the financial conditions before the sentencing hearing concluded, but he never requested an opportunity to augment the record with information about his supposed financial responsibility.
Sherwood committed a heinous sex offense as an eighteen-year-old high schooler and pleaded for a sentence that emphasized rehabilitation rather than retribution and incarceration. The district court imposed a term of imprisonment below the advisory guideline range and included special conditions of release that were designed to facilitate rehabilitation. The record showed no experience of the defendant in managing finances: Sherwood was a dependent of his aunt and uncle, with no assets or liabilities and no history of filing an independent tax return. PSR ¶ 74. The district court reasonably determined that conditions to monitor Sherwood’s financial situation complemented the condition that he contribute to the costs of substance abuse treatment. Concerns about potential overbreadth or hypothetical restrictions on purchasing ice cream cones do not justify striking the conditions, given the district court’s “abundant opportunity to amend or ameliorate any unreasonable adverse impact” during the term of Sherwood’s supervised release. United States v. Hart, 829 F.3d 606, 610 (8th Cir. 2016); see United States v. Deatherage, 682 F.3d 755, 765 (8th Cir. 2012).
The court worries that the financial conditions were imposed in a “categorical manner” rather than on an “individualized basis.” At some point, however, “there must be a limit to the need for an individualized inquiry, because certain characteristics may justify corresponding conditions for virtually all offenders with such characteristics.” United States v. Springston, 650 F.3d 1153, 1156 (8th Cir. 2011), vacated on other grounds, 566 U.S. 931, 132 S.Ct. 1905, 182 L.Ed.2d 766 (2012). We are left after this decision with a rule that these financial conditions are permissible for child-support deadbeats convicted of gun crimes, see Camp, 410 F.3d at 1046, but not for alcohol-fueled teenage sexual abusers with no financial experience who must contribute to the costs of substance abuse treatment. Seeing no reason to distinguish between these categories of defendants, I would affirm the judgment.