# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1909

_____

United States of America

*Plaintiff - Appellee*

v.

Lonnie Wade Sigler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

_____

Submitted: April 9, 2018
Filed: July 10, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, WOLLMAN and LOKEN, Circuit Judges.

_____

PER CURIAM.

Lonnie Sigler appeals the district court's[1] re-imposition of two special conditions of supervised release at his resentencing. He argues that they are onerous and unnecessary. Finding no plain error, we affirm.

## I. *Background*

In October 2011, Sigler pleaded guilty to the charge of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court accepted his plea and sentenced him—as an armed career criminal—to 142 months' imprisonment. The court then credited Sigler 26 months for time served, resulting in a reduced sentence of 116 months. Sigler also received a five-year term of supervised release, and the court imposed two special conditions. The first required substance abuse testing and treatment. The second required a mental health evaluation and treatment when deemed necessary.

In April 2016, in the wake of *Mathis v. United States*, 136 S. Ct. 2243 (2016), Sigler moved to vacate and to correct his sentence pursuant to 28 U.S.C. § 2255. The government and the district court agreed that post-*Mathis*, Sigler no longer qualified as an armed career criminal. At Sigler's resentencing hearing, the district court noted Sigler's long history of theft, drug charges and convictions, and many revocations while under supervision. The court also took account of Sigler's extensive history of drug and alcohol abuse, marijuana and methamphetamine addiction issues, and a childhood history of verbal and physical abuse. Additionally, the undisputed presentence report indicated that Sigler suffers from depression and Attention Deficit Hyperactivity Disorder (ADHD). The court vacated the initial judgment and resentenced Sigler to time served—nearly 90 months' incarceration—and three years of supervised release. The district court then imposed the same conditions of

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

supervised release as those at Sigler's original sentencing, including the two special conditions. Sigler did not object to the imposition of the conditions.

## II. *Discussion*

Sigler now argues on appeal that the two special conditions are both onerous and unnecessary. "We review the terms and conditions of supervised release for plain error when the defendant fails to raise an objection to those terms." *United States v. Henkel*, 358 F.3d 1013, 1014–15 (8th Cir. 2004) (citing *United States v. Ristine,* 335 F.3d 692, 694 (8th Cir. 2003)). The district court plainly errs if it "deviates from a legal rule, the error is clear under current law, and the error affects the substantial rights of the defendant." *Id.* at 1015 (citations omitted).

"Sentencing judges have discretion to impose special conditions of supervised release so long as the conditions are reasonably related to the sentencing factors enumerated in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than is reasonably necessary, and are consistent with the Sentencing Commission's pertinent policy statements." *United States v. Sherwood*, 850 F.3d 391, 394 (8th Cir. 2017) (quoting *United States v. Cooper*, 171 F.3d 582, 585 (8th Cir. 1999)).

> A condition is reasonably related if tailored to "the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medicinal[,] or other correctional needs."

*United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009) (quoting *United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005)). A special condition need not "be related to all of the statutory factors, but rather they are to be weighed independently." *United States v. Camp*, 410 F.3d 1042, 1046 (8th Cir. 2005) (citation omitted). We encourage "individual findings" on each imposed special condition, but we need not vacate the condition "where the basis for the special condition can be discerned from

the record." *United States v. Hart*, 829 F.3d 606, 609 (8th Cir. 2016) (citing *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012)). However, where mental health is concerned, "the district court must have reason to believe the defendant is in need of [evaluation and/or treatment]." *United States v. Fenner*, 600 F.3d 1014, 1026 (8th Cir. 2010) (citing *United States v. Conelly*, 451 F.3d 942, 945 (8th Cir. 2006)).

Sigler says the district court erred when it re-imposed the same supervised release conditions from the original sentencing. Sigler believes he has already sufficiently complied with the conditions. He voluntarily participated in a Residential Drug Abuse Program while incarcerated, which required him to participate in drug testing and treatment. To impose the condition again, he asserts, is unnecessary and duplicative. As to the mental health condition, he contends imposing evaluation and treatment is at odds with the court's decision not to require him to live in a halfway house post-release.

We are unpersuaded by Sigler's argument. He must do more than show that the conditions at resentencing are the same as at the initial sentencing. The district court was not obligated to conclude that Sigler had no need of the release conditions prospectively. Sigler fails to explain why the special conditions are onerous. Further, the district court did not impose the same conditions mechanically. Rather, the court carefully considered Sigler's undisputed long history of drug addiction and abuse issues, as well as his multiple drug relapses. Sigler also continues to suffer from ADHD and depression, and these conditions support the district court's decision to require mental health evaluation and treatment, as necessary. The court's decision to forego requiring residency at a halfway house post-incarceration is not irreconcilably in conflict with its requirement of mental health and substance abuse monitoring and treatment.

Because the district court carefully considered Sigler's substance abuse and mental health problems, and because the two special conditions of supervised release comport with 18 U.S.C. § 3553(a), we find no plain error. *See Sherwood*, 850 F.3d at 394.

### III. *Conclusion*

Affirmed.

———————————————