# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1247

_____

United States of America

*Plaintiff - Appellee*

v.

Richard Lincoln

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 13, 2020
Filed: March 5, 2020
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Following several supervised release violations, the district court[1] revoked Richard Lincoln's supervised release and sentenced him to eight months imprisonment. Lincoln appeals, arguing the district court imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In 2004, Lincoln pled guilty to one count of conspiracy to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 and one count of distribution of 2.75 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). He was sentenced to 324 months imprisonment with a four-year term of supervised release to follow. Due to multiple retroactive amendments to the United States Sentencing Guidelines, his term of imprisonment was reduced to 262 months, then 210 months, and finally 168 months. In 2016, Lincoln began his first term of supervised release. In the same year, Lincoln's probation officer petitioned the district court to revoke Lincoln's supervised release, alleging Lincoln violated the terms of his release by using a controlled substance and lying to his probation officer. The district court revoked Lincoln's supervised release and sentenced him to six months imprisonment with a three-year term of supervised release to follow.

In 2017, Lincoln began his second term of supervised release. In October 2017, his probation officer petitioned for revocation of his supervised release based on Lincoln's failure to follow the probation officer's instructions and to maintain employment. However, the district court did not revoke Lincoln's supervised release and continued it subject to his original conditions. In October 2018, Lincoln's probation officer sought to modify the conditions of his supervised release based on

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Lincoln's continued failure to follow the probation officer's instructions to find a suitable residence. As a result, the district court added a condition that Lincoln reside in a residential reentry center.

In December 2018, Lincoln's probation officer yet again petitioned for revocation of supervised release, alleging Lincoln: (1) failed to participate in substance abuse testing; (2) failed to comply with residential reentry center rules; and (3) failed to follow the instructions of his probation officer. Specifically, Lincoln failed to submit a urine sample on two occasions. Lincoln also continuously failed to comply with the rules of the residential reentry center, including a rule requiring the residents to turn in all paychecks to facility staff. The purpose of the paycheck rule was to enable the facility to deduct subsistence costs for each resident and assist the residents with budgeting. During his time at the facility, Lincoln failed to turn over three paychecks. When Lincoln's probation officer reminded Lincoln of the paycheck rule, Lincoln responded that he refused to comply with it. At the revocation hearing, Lincoln admitted to the violations, except for the allegations that he failed to participate in substance abuse testing. The district court found all the violations had been proven by a preponderance of the evidence and revoked Lincoln's supervised release. After calculating the Guidelines range as six to twelve months imprisonment, the court sentenced Lincoln to eight months imprisonment with no supervision to follow.

II.

Lincoln argues the district court imposed a substantively unreasonable revocation sentence because his supervised release violations were technical in nature and did not warrant imprisonment.[2] "We review revocation sentences under the same

_____

[2]In his brief, Lincoln relies on the standards for determining whether the district court erred in imposing special conditions of supervised release. See United States v. Hart, 829 F.3d 606, 608 (8th Cir. 2016). However, the substance of his appeal is

-3-

reasonableness standard that applies to initial sentencing proceedings." United States v. Wilkins, 909 F.3d 915, 917 (8th Cir. 2018) (internal quotation marks omitted). Thus, "[w]e review a [revocation] sentence for substantive reasonableness by applying an abuse-of-discretion standard." United States v. Moore, 565 F.3d 435, 437-38 (8th Cir. 2009). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). We presume a sentence is substantively reasonable if it is within the Guidelines range. Rita v. United States, 551 U.S. 338, 347 (2007).

We find the district court properly considered and weighed the § 3553(a) factors. In particular, the court cited the need to provide deterrence in light of the leniency in sentencing that Lincoln previously had been afforded and his repeated supervised release violations. Nevertheless, Lincoln asserts that all the supervised release violations were merely technical, and imposing a sentence for mere technical violations is contrary to the purposes of supervised release. See United States v. Reed, 573 F.2d 1020, 1024 (8th Cir. 1978) ("The decision to revoke probation should not merely be a reflexive reaction to an accumulation of technical violations of the conditions imposed upon the offender. That approach would be inconsistent with and detrimental to the goals of the probation program."). Specifically, Lincoln argues his failure to turn over his paychecks was a technical violation because he did not need assistance in budgeting and thus the paycheck rule did not aid in his reintegration into society. However, we have held that "actions indicating such a persistent and pervasive unwillingness to comply with . . . the orders of a reentry center are not

a challenge to the substantive reasonableness of his revocation sentence. Because Lincoln did not make any argument regarding any of his supervised release conditions, we need not address whether the district court properly imposed special conditions of supervised release.

technical violations." United States v. Melton, 666 F.3d 513, 516 (8th Cir. 2012) (affirming district court's decision to revoke supervised release). Here, Lincoln not only failed to comply with the paycheck rule but also told his probation officer that he would never comply with it. The failure to comply with the residential reentry rules combined with his several other supervised release violations adequately support the revocation and sentence. We conclude the district court did not abuse its discretion in imposing an eight-month revocation sentence.

The judgment is affirmed.

_____