# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2293

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Theodore Joseph Schaefer, | * | Northern District of Iowa. |
| | * | |
| Appellee. | * | |
| | * | |

———————

Submitted: February 13, 2011
Filed: April 9, 2012

———————

Before GRUENDER, BENTON, and SHEPHERD Circuit Judges.

———————

BENTON, Circuit Judge.

Theodore J. Schaefer was convicted of one count of knowingly possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The district court[1] sentenced him to 97 months' imprisonment, followed by ten years of supervised release. Schaefer appeals two special conditions of supervision. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

———————

[1]The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa.

Special condition 7 provides:

> The defendant shall have no contact with children under the age of 18 (including through letters, communication devices, audio or visual devices, visits, electronic mail, the Internet, or any contact through a third party) without the prior written consent of the probation office.

Special condition 8 provides:

> The defendant is prohibited from places where minor children under the age of 18 congregate, such as residences, parks, beaches, pools, daycare centers, playgrounds, and schools without the prior written consent of the probation office.

As Schaefer objected in the district court, his conditions of supervised release receive abuse-of-discretion review. *United States v. Smith*, 655 F.3d 839, 844 (8th Cir. 2011).

> A district court has broad discretion to impose special conditions of supervised release, so long as each condition complies with the requirements set forth in 18 U.S.C. § 3583(d). Section 3583(d) first requires that a special condition must be reasonably related to the nature and circumstances of the offense of conviction, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. A special condition need not be related to all the factors; the factors are to be weighed independently. Second, a special condition also must involve no greater deprivation of liberty than is reasonably necessary to deter criminal conduct, to protect the public from further crimes of the defendant, and to provide for the defendant's educational, vocational, medical, and other correctional needs. Finally, a special condition must be consistent with any pertinent policy statements issued by the Sentencing Commission. In fashioning a special condition of supervised release, a court must make an individualized inquiry into the facts and

circumstances underlying a case and make sufficient findings on the record so as to ensure that the special condition satisfies the statutory requirements.

*United States v. Springston*, 650 F.3d 1153, 1155-56 (8th Cir. 2011) (quotation marks and further citations omitted). A court's "findings may be based on any information other than materially false information." *United States v. Mayo*, 642 F.3d 628, 631 (8th Cir. 2011) (per curiam). While this court encourages detailed findings, it is enough that the basis for the imposed condition can be discerned from the record. *Smith*, 655 F.3d at 845. However, a district court may not impose conditions "'on the basis of pure speculation or assumptions.'" *United States v. Fenner*, 600 F.3d 1014, 1027 (8th Cir. 2010), *quoting United States v. Kreitinger*, 576 F.3d 500, 506 (8th Cir. 2009). Finally, this court reviews the terms and conditions of supervised release for abuse of discretion, reversing when the sentencing court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Walters*, 643 F.3d 1077, 1079 (8th Cir. 2011), *quoting United States v. Asalati,* 615 F.3d 1001, 1006 (8th Cir. 2010) (internal quotation marks omitted).

On substantive review, this court considers the totality of the facts, including: the recency of the conduct prompting the conditions, the extent and severity of that conduct, the probation officer's authority to waive the conditions, and how severely the conditions restrict the defendant's liberty. *See, e.g., United States v. Stults*, 575 F.3d 834, 853 (8th Cir. 2009); *United States v. Smart*, 472 F.3d 556, 558-59 (8th Cir. 2006). This court is "particularly reluctant to uphold sweeping restrictions on important constitutional rights," and applies de novo review to such conditions. *United States v. Kelly*, 625 F.3d 516, 520 (8th Cir. 2010) (quotation marks and citation omitted).

Schaefer challenges the two special conditions because they prohibit him from having contact with, or being near, children (including his two daughters). He says the conditions are not narrowly tailored, or reasonably related to his offense, his history and characteristics, or protection of the public. Schaefer emphasizes that his conviction was for possession of child pornography, not distributing or trading child pornography; he has no prior criminal history; and, the public is protected because he had significant unproblematic contacts with his children while on pretrial release.

Schaefer invokes *United States v. Davis*, 452 F.3d 991, 995 (8th Cir. 2005). The *Davis* case does recognize this court's reluctance – implemented by de novo review – to uphold sweeping restrictions on important constitutional rights, such as the parent-child relationship. *Id.*; *see Kelly*, 625 F.3d at 520. However, the *Davis* case also recognizes that this court upholds conditions requiring permission of a probation officer before a defendant may contact his or her minor children *if* the record shows that the condition is no more restrictive then reasonably necessary based on an individualized inquiry. *Davis*, 452 F.3d at 995; *Smith*, 655 F.3d at 845.

The record here shows an individualized basis for the special conditions of supervision. In a written "Sentencing Memorandum," the district court found that Schaefer's motive was "to trade that [child] pornography."

> Clearly, he had the intent to distribute child pornography to others. His online chats establish that he was very interested in trading child pornography with others, although due to computer glitches he found himself without anything to trade. He stated he was trying to rebuild an inventory of pornography.

While finding "no evidence of inappropriate conduct between the Defendant and children," the district court found he had "expressed an interest in going into business with this [online] friend and selling his friend's daughter for money."

At the sentencing hearing, the district court heard argument on the two conditions. The court then overruled the objections "based on what I have to go by today" and "to protect the public." The court noted that Schaefer had indicated "some interest in children engaging in sexually explicit conduct." As to Condition 7–no contact with children under 18–the court stressed that it found "no effect" on his biological children because by the time of supervised release, his children would be over 18. As to Condition 8–not being at places where children were–the court stated that after his standard sex-offender evaluation, it may modify that condition.

In sum, the district court imposed the two conditions after an individualized analysis of Schaefer, emphasizing its authority to modify them under 18 U.S.C. § 3583(e). The court did not abuse its discretion in imposing the two conditions. To the extent that the conditions restrict his parent-child relationship, this court, on de novo review, agrees that the whole record supports the conditions, in light of the district court's finding of no effect on Schaefer's own children and recognition of its authority to modify the conditions.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____