# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2125
_____

United States of America

*Plaintiff - Appellee*

v.

Todd Hobbs

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: December 14, 2012
Filed: April 1, 2013

_____

Before LOKEN, BRIGHT, and COLLOTON, Circuit Judges.

_____

LOKEN, Circuit Judge.

Todd Hobbs pleaded guilty to possession of child pornography in violation of
18 U.S.C. § 2252(a)(4)(B). At sentencing, the district court[1] granted a downward
variance and sentenced Hobbs to sixty months in prison followed by five years of

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District
of Nebraska.

supervised release. Hobbs appeals the sentence, arguing the district court abused its discretion in imposing two special conditions of supervised release requiring advance approval by his Probation Officer before he may (i) reside with or contact children under the age of 18, including his own, or (ii) possess "any material that is sexually stimulating or sexually oriented." We review a district court's imposition of special conditions of supervised release for abuse of discretion. But we carefully scrutinize "restrictions on important constitutional rights" and apply *de novo* review if such restrictions are "sweeping." United States v. Schaefer, 675 F.3d 1122, 1125 (8th Cir. 2012). In this case, the restrictions at issue impact constitutional rights but are not sweeping. Upon careful review of the sentencing record, we conclude the district court did not abuse its substantial discretion and therefore affirm.

## I. Background

In April 2011, a Lincoln, Nebraska, police investigator accessed visual depictions of minors engaged in sexually explicit conduct being shared by an IP address assigned to Todd Hobbs in Lincoln. A warrant search of Hobbs's residence and examination of his computers and storage media uncovered over 20,000 images of child pornography, including multiple videos depicting adult penetration of prepubescent females. Hobbs admitted possessing the child pornography and stated he had been accessing child pornography for approximately seven years. He was charged in June 2011 with receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2), and with the less serious offence of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

After arraignment, Hobbs was granted pretrial release on personal recognizance subject to conditions including that he abstain from alcohol consumption and attend treatment and counseling sessions for his pornography addiction. On January 4, 2012, Hobbs pleaded guilty to possession of child pornography, and the government agreed to dismiss the receiving and distributing count at sentencing. On February 14, a

pretrial services officer visited Hobbs's home and smelled alcohol. Hobbs admitted that his long-time girlfriend had brought home an 18-pack of beer, and that he drank ten to twelve beers that evening and got drunk. Based on this violation, the court revoked pretrial release and ordered Hobbs detained pending sentencing.

The Presentence Investigation Report (PSR) recommended an advisory guidelines range of 108-135 months in prison, subject to the 120-month statutory maximum. Three days before the April 26 sentencing, the Probation Officer filed lengthy Sentencing Recommendations. She recommended a prison sentence at the bottom of the advisory range, 108 months, explaining:

> As noted in the presentence report, the defendant's case is different from the majority of child pornography cases prosecuted in the District of Nebraska because he has prior convictions resulting in his placement in a Criminal History Category II. . . . The defendant has been diagnosed with alcohol dependence and his prior criminal history convictions appear to be related to his alcohol abuse issue. Additionally, the defendant's pretrial release was revoked after he was caught consuming alcohol while on bond for the instant offense. . . . Therefore, treatment will be an essential part of Mr. Hobbs' future. The defendant's possession of child pornography on his computer is very serious and feeds a market that perpetuates the sexual abuse of children. The length of time the defendant collected and possessed child pornography in this case is a substantial factor as well.

The Probation Officer concluded by recommending that the court impose 21 special conditions of supervised release, including the two here at issue, which provide in material part:

> 11. The defendant shall have no contact, nor reside with children under the age of 18, including [his] own children, unless approved in advance by the U.S. Probation Officer in consultation with the treatment providers. . . .

20. . . . The defendant shall not possess, view, or otherwise use any material that is sexually stimulating or sexually oriented deemed to be inappropriate by the U.S. Probation Officer in consultation with the treatment provider.

At sentencing, the district court granted Hobbs's motion for a downward variance, in part to avoid unwarranted sentencing disparity with other District of Nebraska child pornography offenders, and sentenced him to sixty months in prison, followed by five years of supervised release subject to "the standard conditions together with the special conditions outlined in the [Probation Officer's] sentencing recommendation." Defense counsel timely objected to Special Condition #11: "I'd like [the court] to say today that [Hobbs] has the ability to live with his own children." The court replied: "I think that that provision ought to remain. And I say that because of the defendant's alcoholism." The colloquy concluded:

> [DEFENSE COUNSEL]: Well, that has nothing to do, though, Judge, with --
>
> THE COURT: Yeah, it has everything to do with why that provision is in there.
>
> [DEFENSE COUNSEL]: But there's been no showing whatsoever that his own children have been at risk for any kind of sexual perpetration by him. And, in fact, all the evidence is to the contrary.
>
> THE COURT: I respectfully disagree. I think this is an appropriate condition.

Defense counsel then objected to the portion of Special Condition #20 prohibiting Hobbs from possessing "sexually stimulating" material that the probation office deems to be inappropriate. The court also overruled this objection.

-4-

## II. Special Condition #11

Before his pretrial detention, Hobbs lived with his partner of 17 years, their sixteen-year-old daughter, their eleven-year-old son, and Hobbs's seven-year-old stepson. The two boys will still be minors when Hobbs finishes serving his prison sentence. It is undisputed that Hobbs has a close and positive relationship with his son, Schuyler, who has begun to exhibit behavioral issues at home and at school, and has been a loving parent to his stepson. On appeal, Hobbs argues that, by requiring prior approval by a probation officer before Hobbs can see and live with his own children, Special Condition #11 exacts a greater deprivation of liberty than necessary and interferes with his fundamental liberty interest in the relationships with his children. Hobbs emphasizes that his conviction was for possession of child pornography, not the more serious offense of distribution; that he has no history of sexual abuse of minors; that a licensed clinical psychologist opined after a full psychological assessment that the risk of Hobbs committing sexual violence or even engaging in future "cyber pornography" is low; that his family has serious financial issues and wants him to return home as soon as possible; and that he wants again to be a positive influence before son Schuyler graduates from high school.

The relationship between parent and child is a liberty interest protected by the Due Process Clause. See, e.g., Quilloin v. Walcott, 434 U.S. 246, 255 (1978). Thus, in sex offender cases, we scrutinize more carefully conditions restricting the defendant's right to contact his own children than conditions restricting childless sex offenders from contact with children. Compare United States v. Davis, 452 F.3d 991, 995 (8th Cir. 2006), with United States v. Muhlenbruch, 682 F.3d 1096, 1104 (8th Cir. 2012).

Despite the constitutional sensitivity of such restrictions, we have repeatedly upheld conditions requiring defendants to receive permission from a probation officer before contacting their own children. See United States v. Simons, 614 F.3d 475,

481-82 (8th Cir. 2010); United States v. Stults, 575 F.3d 834, 850-51 (8th Cir. 2009), cert. denied, 130 S. Ct. 1309 (2010); United States v. Mark, 425 F.3d 505, 507-08 (8th Cir. 2005); United States v. Crume, 422 F.3d 728, 733-34 (8th Cir. 2005); United States v. Vick, 421 F.3d 794, 795 (8th Cir. 2005).[2] That a defendant does not have a history of physical or sexual abuse of minors "is not necessarily determinative" of this issue. United States v. Kerr, 472 F.3d 517, 523 (8th Cir. 2006). However, an "individualized inquiry," and a "particularized showing" of need for the condition, is required in each case. United States v. Springston, 650 F.3d 1153, 1156 (8th Cir. 2011), vacated on other grounds, 132 S. Ct. 1905 (2012).

In our prior cases upholding this type of special condition, we agreed with the district court that the restriction was reasonably necessary to protect the public, and was not overly restrictive, because of the nature of the sex offense of conviction, or because of the defendant's history of sexual abuse of minors.[3] If the proper focus is solely these risk-of-future-sex-offense factors, we agree with Hobbs that the record in this case does not reveal a "particularized need" for a restriction placing a probation officer's approval in the way of Hobbs reuniting with his family when his sentence has been served. But the Probation Officer did not treat Hobbs as a typical sex offender. Rather, she based her sentencing recommendations in part on an extensive

---

[2]This special condition was also imposed in United States v. Deatherage, 682 F.3d 755, 762 (8th Cir. 2012), but was not challenged on appeal. In Schaefer, which the government wrongly asserts is "strikingly similar" to this case, this aspect of the special condition was not a factor because defendant's children would be over the age of 18 when he was released. 675 F.3d at 1125-26.

[3]See Simons, 614 F.3d at 482 (2 prior crimes against minor victims); Stults, 575 F.3d at 839 (prior conviction for sexual assault of a child); Mark, 425 F.3d at 508 (prior "sexual exploration" of minor female family member); Crume, 422 F.3d at 734 (mother, herself a prior victim, fearful defendant would molest his daughter); Vick, 421 F.3d at 795 (condition "tailored to [defendant's] extensive history with minors"). See also United States v. Levering, 441 F.3d 566, 568 (8th Cir. 2006) (childless defendant committed forcible sexual act on a minor).

history of criminal convictions resulting from Hobbs drinking to excess *and* being a danger to the public when he does -- one assault, two disturbing the peace, and two driving while intoxicated convictions -- plus his failure to abstain from alcohol while on pretrial release. This history of alcohol abuse together with Hobbs's longstanding child pornography addiction led the Probation Officer to recommend not only a guidelines range sentence, but also special conditions requiring drug and alcohol treatment and testing[4] and participation in a sex-offense-specific program, as well as other Special Conditions including #11.

Based on this highly individualized inquiry, we conclude the district court did not abuse its discretion in imposing recommended Special Condition #11. The purpose of this restriction is to protect the public; "children, including those of Mr. [Hobbs], are members of the public that the terms of supervised release seek to protect." Crume, 422 F.3d at 734. Hobbs has demonstrated repeatedly that he is prone to alcohol abuse and is dangerous when he is drunk. That poses a risk to all those who live with him. Hopefully, he will comply with conditions requiring him to abstain from consuming alcohol and successfully participate in substance abuse and sex-offender treatment. If he does, the probation officer "in consultation with the treatment providers" will doubtless approve his living with his family. "If such permission is arbitrarily or unfairly denied, [Hobbs will be] free to seek relief from the district court under [18 U.S.C.] § 3583(e)." United States v. Mickelson, 433 F.3d 1050, 1057 (8th Cir. 2006).

We have one unanswered concern with Special Condition #11 -- its failure to address whether the probation office must decide prior to his release from custody if Hobbs may initially move in with his children. This seems to us a critical issue for the

---

[4]Special Condition #3 requires Hobbs to "attend, pay for and successfully complete any diagnostic evaluations, treatment or counseling programs, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the probation officer."

family, yet government counsel at oral argument could give no assurance that a timely answer would be forthcoming. We considered remanding for explicit consideration of this issue but instead conclude that it may reasonably be left to the discretion of the probation office, subject to prompt review by the district court. In our view, on this record, only an adverse development during incarceration would warrant prohibiting Hobbs from again living with his family upon release, subject to revocation proceedings should he then resume consuming alcohol or accessing sexually explicit materials.

### III. Special Condition #20

Relying primarily on Simons, 614 F.3d at 483-85, and United States v. Kelly, 625 F.3d 516, 519-22 (8th Cir. 2010), Hobbs argues that the portion of Special Condition #20 prohibiting him from possessing, viewing, or using any "sexually stimulating or sexually oriented" material "deemed inappropriate by the U.S. Probation Officer in consultation with the treatment provider" is unconstitutionally overbroad and vague. This contention is without merit.

Though we have acknowledged that terms like "pornography" lack precise legal definitions, we have repeatedly upheld these same or very similar conditions when they were "obviously relevant to the child pornography offense at issue or to the defendant's history and characteristics." Deatherage, 682 F.3d at 764 ("sexually oriented materials"); see United States v. Thompson, 653 F.3d 688, 693 (8th Cir. 2011) ("sexually explicit materials"); United States v. Wiedower, 634 F.3d 490, 492-93, 96-97 (8th Cir. 2011) ("sexually explicit material"); Stults, 575 F.3d at 841 ("sexually oriented or sexually stimulating materials"); United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007) ("sexually stimulating or sexually oriented material"). Here, the restriction is obviously relevant to Hobbs's admitted child pornography addiction. In addition, Special Condition #20 is limited to sexually stimulating or sexually oriented material, and further limited to obtaining prior approval of the

probation officer "in consultation with the treatment provider." By contrast, in Simons and Kelly, it was an absolute ban on possessing material "that contains nudity," which would include biology textbooks and famous works of art, that caused us to overturn the conditions as overbroad. 614 F.3d at 483-84; 625 F.3d at 521. Here, the district court did not abuse its discretion in imposing Special Condition #20.

For the foregoing reasons, we affirm the judgment of the district court.

COLLOTON, Circuit Judge, concurring in the judgment.

I concur in affirming the judgment of the district court imposing special conditions of supervised release. I do not join the court's statements regarding what a probation officer will approve in 2016 or how this court would rule on a decision by the district court in 2016, on this record, to deny permission under Special Condition #11 for Todd Hobbs to move in with his children upon release from custody. Any decision by the probation office and the district court about whether to grant permission will depend on specific facts and circumstances as they exist at the time of a future request. Any decision by this court on appellate review should be rendered with the benefit of a contemporaneous record and an explanation by the district court.

_____