# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1141
_____

United States of America

*Plaintiff - Appellee*

v.

Steven D. Fonder

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: June 13, 2013
Filed: June 28, 2013

_____

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Steven D. Fonder pled guilty to receiving and distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court[1] sentenced him to 84

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

months' imprisonment and ten years' supervised release. He appeals a special condition of the supervised release as unconstitutionally overbroad and vague.

An Omaha Cyber Crimes Task Force Investigator discovered that Fonder's IP address was receiving and sharing child pornography. A warrant search of Fonder's residence uncovered over 35,000 images and over 1,000 videos of child pornography. He admitted to downloading child pornography for about seven years.

At sentencing, Fonder – a first-time offender – objected to part of special condition 18 of the supervised release: "The defendant shall not possess, view, or otherwise use any material that is sexually stimulating or sexually oriented deemed to be inappropriate by the U.S. Probation Officer in consultation with the treatment provider." The district court overruled his objection.

This court reviews the district court's imposition of the terms and conditions of supervised release for abuse of discretion. *United States v. Boston*, 494 F.3d 660, 667 (8th Cir. 2007). "A district court abuses its discretion when it makes an error of law." *United States v. Weiland*, 284 F.3d 878, 882 (8th Cir. 2002) (citation omitted), *citing Koon v. United States*, 518 U.S. 81, 100 (1996). This court reviews de novo a district court's legal conclusion that a condition does not violate a defendant's constitutional rights, and reviews for clear error the factual findings supporting that conclusion. *See United States v. Schaefer*, 675 F.3d 1122, 1125 (8th Cir. 2012) ("This court is particularly reluctant to uphold sweeping restrictions on important constitutional rights, and applies de novo review to such conditions."); *United States v. Asalati*, 615 F.3d 1001, 1006 (8th Cir. 2010) (stating that review of a constitutional claim is de novo); *see also United States v. Grandon*, 714 F.3d 1093, 1096 (8th Cir. 2013) ("We review sentences under a deferential abuse of discretion standard, reviewing the district court's factual findings for clear error and its application of the guidelines de novo."); *United States v. Watson*, 480 F.3d 1175, 1176-77 (8th Cir. 2007) ("We review the ultimate sentence for . . . abuse[]of[]discretion . . . ."). That

a district court's decision "may call for a legal determination does not mean, as a consequence, that parts of the review must be labeled *de novo* while other parts are labeled an abuse of discretion." ***Koon***, 518 U.S. at 100. "The abuse-of-discretion standard includes review to determine that the discretion was not guided by erroneous legal conclusions." ***Id.*** "On substantive review, this court considers the totality of the facts, including: the recency of the conduct prompting the condition[], the extent and severity of that conduct, the probation officer's authority to waive the condition[], and how severely the condition[] restrict[s] the defendant's liberty." ***Schaefer***, 675 F.3d at 1125.

Fonder contends special condition 18 is overbroad under the First Amendment and void for vagueness under the Fourteenth Amendment. This court's decision in *United States v. Hobbs*, 710 F.3d 850 (8th Cir. 2013), forecloses his contentions. There, the defendant had "over 20,000 images of child pornography" and admitted "accessing child pornography for approximately seven years." ***Hobbs***, 710 F.3d at 852. The defendant pled guilty to one count of possessing child pornography. ***Id.*** at 851. He challenged as overbroad and vague an identical special condition of supervised release. ***Id.*** at 855. Like Fonder, he relied primarily on *United States v. Simons*, 614 F.3d 475 (8th Cir. 2010), and *United States v. Kelly*, 625 F.3d 516 (8th Cir. 2010). ***Id.*** The *Hobbs* court distinguished them — the restriction held overbroad in those cases "was an absolute ban on possessing material 'that contains nudity,' which would include biology textbooks and famous works of art." ***Id.*** In contrast, the condition in *Hobbs* was "limited to sexually stimulating or sexually oriented material, and further limited to obtaining prior approval of the probation officer 'in consultation with the treatment provider.'" ***Id.*** This court upheld the special condition. ***Id.*** at 855-56 (noting this court has "repeatedly upheld these same or very similar conditions when they were 'obviously relevant to the child pornography offense at issue or to the defendant's history and characteristics'" (citations omitted), *quoting **United States v. Deatherage***, 682 F.3d 755, 764 (8th Cir. 2012)).

The facts here are similar to *Hobbs*. Fonder accessed child pornography for approximately seven years and had tens of thousands of images. The "restriction is obviously relevant to [Fonder's] admitted child pornography addiction." *Id.* at 855. Considering the totality of the facts, the special condition is neither overbroad nor vague. The district court did not abuse its discretion in imposing special condition 18.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____