[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16477
Non-Argument Calendar

_____

D.C. Docket No. 3:06-cr-00183-HES-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER R. ELY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 13, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty to a single count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2, and serving a term of imprisonment, Christopher Ely's supervised release was revoked. Ely now appeals

the re-imposition of a special, "no-contact" condition of supervised release prohibiting him from contacting minors, including his daughter, absent his probation officer's approval. On appeal, Ely argues that the district court abused its discretion in: (1) re-imposing a condition inconsistent with the Sentencing Commission's policy statement regarding sex offenses without an "individualized inquiry" or "particularized showing" of need; and (2) requiring the probation officer to approve his communications with his daughter because that is an improper delegation of a judicial function. After careful review, we affirm.

We review the district court's imposition of a special condition of supervised release for abuse of discretion. United States v. Moran, 573 F.3d 1132, 1137 (11th Cir. 2009). We will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached. Id. However, objections not raised in the district court are reviewed for plain error. Id. For a defendant to preserve an objection for appeal, he must "raise that point in such clear and simple language that the trial court may not misunderstand it." United States v. Massey, 443 F.3d 814, 819 (11th Cir. 2006) (quotation omitted). When the statement is not clear enough to inform the district court of the legal basis for the objection, the objection is not properly preserved. Id. To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th

2

Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. If the explicit language of a statute or rule does not specifically resolve an issue, and no precedent from the Supreme Court or this Court directly resolves it, there can be no plain error. United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003).

A district court may order any special conditions of supervised release it deems appropriate so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from future crimes of the defendant, and the defendant's educational, vocational, medical, or correctional treatment needs; (2) involves no greater deprivation of liberty than reasonably necessary to protect the public, deter criminal conduct, or provide the defendant with needed educational, vocational, medical, or correctional treatment; and (3) is consistent with the policy statements of the United States Sentencing Commission. 18 U.S.C. § 3583(d) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(C)); see also U.S.S.G. § 5D1.3(b). Each factor is an independent consideration to be weighed, and a special condition need not be supported by each factor. United States v. Tome, 611 F.3d 1371, 1376 (11th Cir. 2010). The Guidelines policy statement "recommend[s]" three special conditions for sex offenses: (1) participation in a

3

program for the treatment and monitoring of sex offenders; (2) restrictions on computer usage, in cases involving computers; and (3) "[a] condition requiring the defendant to submit to a search, at any time, with or without a warrant . . . of the defendant's person and any property . . . upon reasonable suspicion concerning a violation of a condition of supervised release."  U.S.S.G. § 5D1.3(d)(7).

While a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights.  Tome, 611 F.3d at 1376.  Indeed, in a recent case, the Supreme Court has "assumed that the First Amendment permits a State to enact specific, narrowly tailored laws that prohibit a sex offender from engaging in conduct that often presages a sexual crime, like contacting a minor or using a website to gather information about a minor."  Packingham v. North Carolina, No. 15-1194, 2017 WL 2621313, at *6 (U.S. June 19, 2017) (emphasis added).  The Eighth Circuit has held, however, that specific conditions requiring defendants to get permission from probation officers before contacting their own children must be supported by an "individualized inquiry" and "particularized showing" of need.  United States v. Hobbs, 710 F.3d 850, 854 (8th Cir. 2013).

Because Ely did not squarely argue to the district court that the "no-contact" supervised-release condition -- prohibiting his contact with minors, including his

4

daughter, absent his probation officer's approval -- required an "individualized inquiry" or a "particularized showing" of need, we review this issue for plain error. See Moran, 573 F.3d at 1137.  However, no binding authority from this Court, the Supreme Court, or any rule or statute requires the district court to conduct this kind of analysis.  As a result, the district court did not plainly err by re-imposing the no-contact condition.  See Lejarde-Rada, 319 F.3d at 1291.  Ely also argues -- again, for the first time on appeal -- that the condition is inconsistent with the Sentencing Commission's policy statement for sex offenses.  But nothing there or otherwise prevents the district court from imposing an additional condition beyond those recommended in the policy statement, nor does the no-contact condition inherently conflict with conditions recommended in the policy statement.  See U.S.S.G. § 5D1.3(d)(7).  In short, he has shown no error, much less plain error, for this claim.

To the extent Ely raises on appeal the objection he actually made to the district court -- generally, that the district court abused its discretion by re-imposing the no-contact condition without carving out an exception so that he could speak with his daughter -- we are unpersuaded.  For starters, the condition is reasonably related to the nature and circumstances of Ely's underlying offense -- possession of child pornography -- and to Ely's history and characteristics.  See 18 U.S.C. § 3583(d)(1).  As the record reveals, Ely was previously convicted of the possession of child pornography, as well as attempted child enticement, and the

criminal conduct at issue in this case arose while Ely was on supervised release for those prior offenses. Thus, his status as a two-time sex offender who has violated supervised release before establishes a reasonable relationship between the condition and Ely's history and characteristics. Moreover, the condition does not involve a "greater deprivation of liberty" than reasonably necessary to afford adequate deterrence, protect the public, or provide Ely with treatment. Rather, the condition allows Ely to contact his daughter so long as he seeks and obtains written permission from the probation officer and complies with the other conditions of his supervision, none of which are challenged on appeal. Finally, as we've noted, the no-contact condition is not inconsistent with any conditions recommended in the Sentencing Commission policy statement regarding sex offenses. See U.S.S.G. § 5D1.3(d)(7); see also Moran, 573 F.3d at 1140 (upholding no-contact condition in addition to recommended search condition). On this record, the district court did not abuse its discretion by imposing the no-contact condition in this case.

Next, we find no merit to Ely's argument that requiring the probation officer to approve his communications with his daughter amounts to an improper delegation of a judicial function. We recognize that a district court may not delegate a judicial function to a probation officer because such a delegation violates Article III of the United States Constitution. United States v. Bernardine, 237 F.3d 1279, 1283 (11th Cir. 2001). Nevertheless, for purposes of efficiency,

6

district courts rely extensively on probation officers to support judicial functions. Id. To determine if a district court has improperly delegated its judicial authority, we draw a distinction between the delegation to a probation officer of a ministerial act or support service and the ultimate responsibility of imposing the sentence. United States v. Nash, 438 F.3d 1302, 1304-05 (11th Cir. 2006).

We've upheld conditions of supervised release that impose a requirement on a defendant, but subject the defendant to approval or direction of a probation officer. See, e.g., id. at 1306 (upholding conditions requiring defendant to obtain probation officer's approval before opening bank account and to notify third parties of risks occasioned by criminal record or personal history "as directed by the probation officer") (quotation omitted); United States v. Zinn, 321 F.3d 1084, 1093 (11th Cir. 2003) (upholding condition requiring defendant to participate in sex offender treatment program approved by probation officer); United States v. Taylor, 338 F.3d 1280, 1283-84 (11th Cir. 2003) (upholding condition requiring defendant "to participate in a mental health program . . . approved by the probation officer, and abide by the rules, requirements and conditions of the treatment program") (quotation omitted). In contrast, we've vacated conditions that delegate to the probation officer the authority to determine whether a defendant will participate in a treatment program at all. See, e.g., Nash, 438 F.3d at 1305-06 (vacating condition that gave probation officer "ultimate responsibility" over

7

whether defendant would participate in mental health treatment) (quotation omitted); United States v. Heath, 419 F.3d 1312, 1315 (11th Cir. 2005) (same).

Once again, Ely's claim is reviewed for plain error. At the final revocation hearing, Ely took issue with obtaining the probation officer's permission to communicate with his daughter and questioned whether he would ultimately be able to resolve a permission-related dispute with the court. However, he never argued -- as he now does -- that the district court improperly delegated its judicial authority to the probation officer by requiring him to approve Ely's communications with all minors. Because Ely never clearly articulated this claim to the district court, we must review for plain error. Massey, 443 F.3d at 819.

The district court did not plainly err by requiring the probation officer to approve Ely's communications with minors. Indeed, there is no binding authority holding that a condition requiring a probation officer to approve a supervisee's communications with a minor is an improper delegation of judicial authority. See Lejarde-Rada, 319 F.3d at 1291. Nor do we see how the district court's delegation could amount to error, much less plain error. When the district court imposed the no-contact condition, it imposed a directive on Ely not to contact minors, while delegating supervision of that condition to the probation officer. See Nash, 438 F.3d at 1306. Despite Ely's complaint at the revocation hearing that he could not "just call [the judge] on the phone" to seek an exception, we've observed that

8

district courts must be able to rely on probation officers for administrative support and oversight. See Bernardine, 237 F.3d at 1283. The district court did not allow the probation officer to decide whether or not Ely would be subject to a no-contact condition. Instead, the court made clear that it would retain ultimate responsibility over Ely's contact with minors and instructed Ely to petition the court if any dispute arose with the probation officer's denial of a properly made request. In other words, the court gave the probation officer a supervisory, rather than judicial, function. Accordingly, even if we were to assume that Ely had properly made this argument in the district court, we cannot say the district court abused its discretion by improperly delegating its judicial authority.

**AFFIRMED**.