GRASZ, Circuit Judge, concurring.
 

 I join the Court's opinion in full. I write separately to observe that this Court's opinion in
 
 Mefford
 
 , which is the controlling precedent as to the special condition challenge, is suspect because it appears to have been based on the mistaken belief that the panel was bound by
 
 Ristine
 
 regarding the validity of the special condition concerning "erotica."
 

 In
 
 Mefford
 
 , the Court reviewed a special condition relevantly containing provisions substantively identical to those challenged here prohibiting the supervised offender from entering any establishment where "erotica" can be obtained or viewed. The Court upheld the special condition, noting that its language was "virtually identical to wording we have previously upheld" in
 
 Ristine
 
 .
 
 Mefford
 
 ,
 
 711 F.3d at
 
 928 (citing
 
 Ristine
 
 , 335 F.3d at 694-95 ). The problem with the
 
 Mefford
 
 court's analysis, and its application to the erotica provisions of the special condition, is twofold.
 

 First, the defendant in
 
 Ristine
 
 challenged only the portion of the special condition pertaining to pornographic materials. 335 F.3d at 694. The opinion clearly stated that "Ristine does not argue that the restrictions concerning 'erotica' are overbroad or vague."
 
 Id.
 
 at 694 n.2. Thus, the Court in
 
 Mefford
 
 was not bound by
 
 Ristine
 
 as to special condition language pertaining to erotica.
 

 Second, the Court in
 
 Ristine
 
 was reviewing the special condition under a plain error standard of review.
 
 Id.
 
 at 695. The
 
 Ristine
 
 Court expressly stated that
 "[w]ere we reviewing this special condition for an abuse of discretion, we might be forced to select the line of reasoning we find more compelling, but the standard here is plain error."
 
 Id.
 
 (referencing a circuit split regarding whether certain pornography-related restrictions were unconstitutionally vague).
 

 Here, the special condition's ban on viewing any form of "erotica" or entering any place where "erotica" can be obtained or viewed would appear to present the same constitutional and practical concerns as similar special conditions pertaining to "nudity" that were previously found invalid by this Court.
 
 See
 

 Mefford
 
 ,
 
 711 F.3d at
 
 927 ;
 
 United States v. Simons
 
 ,
 
 614 F.3d 475
 
 , 483-85 (8th Cir. 2010) (vacating special condition encompassing "nudity"). This is because the term "erotica" is so broad it could, in this context, prohibit entering a big-box store or even visiting an art museum.
 
 [3]
 
 This is not trivial, since "[s]upervised release is a 'form of criminal sanction.' "
 
 United States v. Jackson
 
 ,
 
 866 F.3d 982
 
 , 985 (8th Cir. 2017) (quoting
 
 Griffin v. Wisconsin
 
 ,
 
 483 U.S. 868
 
 , 874,
 
 107 S.Ct. 3164
 
 ,
 
 97 L.Ed.2d 709
 
 (1987) ). Violation of a special condition can result in imprisonment.
 

 Notably, the government devotes part of its argument here to what the district court
 
 really meant
 
 by the special condition rather than what the text of the condition says. The government also seems to struggle to present any direct defense of the challenged terminology, instead resorting to analogies and generalizations. Although use of the term "erotica" has been repeatedly upheld by this Court (relying on
 
 Ristine
 
 and
 
 Mefford
 
 ), never has its definition been so much as discussed. This suggests clearer language may help all parties. This can be achieved by district courts more clearly defining what material or activity is prohibited, either by using the terminology approved by this Court in cases such as
 
 United States v. Hobbs
 
 ,
 
 710 F.3d 850
 
 , 855-56 (8th Cir. 2013) or by crafting new language reasonably related to the § 3553(a) sentencing factors.
 
 [4]
 

 While the controlling precedent appears to be on shaky ground, the district courts need not continue to add additional floors to this unstable foundation. The point is not to halt construction, but to fashion safeguards for children that are legally sound. In this regard it should be noted that even the holdings in
 
 United States v. Kelly
 
 ,
 
 625 F.3d 516
 
 , 519-22 (8th Cir. 2010) and
 
 Simons
 
 ,
 
 614 F.3d at
 
 483-85 do not preclude district judges from imposing properly tailored supervised release conditions restricting possession of nude visual depictions of children by offenders convicted of crimes involving child pornography, and especially those who have histories of sexual abuse of minors. It is only where
 over broad terms are used without properly tailoring the condition so that they reasonably relate to the factors set forth in the United States Code that the validity of the conditions comes into question.
 

 Special conditions should fulfill statutory supervision goals, including protecting society and deterring criminal activity against children, without inadvertently and unnecessarily creating issues for appeal by using vague or overly broad terms.
 

 Compare
 
 Merriam-Webster's Collegiate Dictionary (10th ed. 2002) (defining erotica as "literary or artistic works having an erotic theme or quality" and erotic as "of, devoted to, or tending to arouse sexual love or desire")
 
 with
 
 Oxford English Dictionary (2018), http://www.oed.com (defining erotica as "[m]atters of love; erotic literature or art (frequently as a heading in catalogues)" and erotic as "[o]f or pertaining to the passion of love; concerned with or treating of love; amatory").
 

 The concerns expressed as to the term "erotica" do not apply to the term "pornography." We have repeatedly affirmed special condition restrictions on pornography because we do not define it as broadly as other circuits. For example, we have positively cited the Third Circuit's conclusion that a ban on nudity is overbroad, but we also distinguished nudity from pornography, rejecting the Third Circuit's rationale that a prohibition of pornography is unconstitutional "because it 'might apply to a wide swath of work ranging from serious art to ubiquitous advertising' and 'to any art form that employs nudity.' "
 
 United States v. Simons
 
 ,
 
 614 F.3d 475
 
 , 483 (8th Cir. 2010) (quoting
 
 United States v. Loy
 
 ,
 
 237 F.3d 251
 
 , 261-62, 266-67 (3d Cir. 2001) ).