# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1180
_____

United States of America

*Plaintiff - Appellee*

v.

Derek Clemens

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo
_____

Submitted: December 14, 2020
Filed: March 12, 2021
_____

Before SMITH, Chief Judge, LOKEN and MELLOY, Circuit Judges.
_____

LOKEN, Circuit Judge.

Derek Clemens admitted to investigators that he took photographs of a woman in a gas station bathroom. A warrant search of his cell phone and other electronic devices uncovered more than 100 images and 75 videos of child pornography, including 30 videos and 4 images depicting a victim referred to by the pseudonym "Tara." Clemens pleaded guilty to receipt of child pornography in violation of 18

U.S.C. §§ 2252(a)(2) and 2252(b)(1). The district court[1] sentenced him to 108 months imprisonment followed by ten years of supervised release. Over Clemens's objection, the court ordered him to pay $3,000 restitution to victim Tara and imposed a special condition of supervised release prohibiting him from viewing, possessing, producing, or using "any materials that depict sexually explicit conduct as defined in 18 U.S.C. § 2256, or any form of sexually stimulating, sexually oriented, or pornographic materials." Clemens appeals, arguing (1) $3,000 is an unlawful restitution award because it exceeds the losses for which he can be held responsible, and (2) the special condition is unconstitutionally vague and overboard. We affirm.

## I. Restitution

In 1975, Congress enacted a specific statute providing that a sentencing court "shall order restitution" for any violation of an offense involving Sexual Exploitation and Other Abuse of Children found in Chapter 110 of Title 18. 18 U.S.C. § 2259(a). In Paroline v. United States, the Supreme Court considered "how to determine the amount of restitution a possessor of child pornography must pay to the victim whose childhood abuse appears in the pornographic materials [he] possessed." 572 U.S. 434, 439 (2014). The court concluded:

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses. The amount would not be severe in a case . . . [where] the victim's general losses from the trade of her images . . . are the product of the acts of

---

[1] The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

thousands of offenders.  It would not, however, be a token or nominal amount [but rather] a reasonable and circumscribed award imposed in recognition of the indisputable role of the offender in the causal process underlying the victim's losses and suited to the relative size of that causal role.

Id. at 458-59.  On December 7, 2018, Congress substantially amended § 2259 in response to the Paroline decision.  Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. 115-299, 132 Stat. 4383.  As relevant here, Congress amended § 2259(b)(2) and (c)(2) to provide:

**(b) Scope and nature of order. --**

**(2) Restitution for trafficking in child pornography.**  If the defendant was convicted of trafficking in child pornography, the court shall order restitution under this section in an amount to be determined by the court as follows:
**(A) Determining the full amount of a victim's losses.**  If the defendant was convicted of trafficking in child pornography, the court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim.
**(B) Determining a restitution amount.**  After completing the determination required under subparagraph (A), the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.
**(C) Termination of payment.**  A victim's total aggregate recovery pursuant to this section shall not exceed the full amount of the victim's demonstrated losses. After the victim has received restitution in the full amount of the victim's losses as measured by the greatest amount of such losses found in any case involving that victim that has resulted in a final restitution order under this section, the liability of each defendant who is or has been ordered to pay restitution for such losses to that victim shall be terminated. . . .

-3-

**(c) Definitions.--**

**(2) Full amount of the victim's losses.** For purposes of this subsection, the term "full amount of the victim's losses" includes any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim . . . .

Amended § 2259(c)(3) defines "trafficking in child pornography" offenses to include 18 U.S.C. § 2252(a)(2), Clemens's offense of conviction.

The district court concluded that amended § 2259 applied to Clemens's sentencing because he possessed Tara's images after its enactment. It imposed restitution of $3,000, the mandatory minimum under amended § 2259(b)(2)(B). On appeal, Clemens does not dispute the amendment applies to his sentence but argues "the amount ordered was an abuse of discretion because the district court misapplied Paroline." He argues (i) that $3,000 exceeds the full amount Clemens can be responsible for because all but $800 of the claimed losses occurred before he committed his child pornography trafficking offense, and (ii) the district court failed to "disaggregate" the losses caused by his possession and use of Tara's images from the damages caused by their initial production, a "complication" the Supreme Court noted but "set aside" in Paroline, 572 U.S. at 449.

We reject both these arguments because they are contrary to the plain meaning of § 2259 as amended. The statute now explicitly defines "the full amount of the victim's losses" as the losses "incurred . . . or projected to be incurred . . . *as a result of the trafficking in child pornography depicting the victim*," not just the losses Clemens can be responsible for. § 2259(b)(2)(A) (emphasis added). After determining that amount, the amended statute directs that the court "shall order"

restitution "in an amount that reflects the defendant's relative role . . . but which is no less than $3,000," so long as the victim's "total aggregate recovery" does not exceed her losses. § 2259(b)(2)(B)-(C). Clemens did not refute the government's detailed evidence that Tara has incurred more than $3,000 in total losses resulting from trafficking her images, and there is no evidence her "total aggregate recovery" has exceeded her total losses. Thus, on this record, the district court did not err in imposing the mandatory minimum restitution award. The Paroline factors no doubt remain relevant in determining whether a defendant's "relative role in the causal process" supports an award of *more than* $3,000 under amended § 2259(b)(2)(B). In such a case, how to determine the defendant's "relative role" and whether disaggregation applies to this determination under the amended statute are questions we leave for another day.[2]

## II. Supervised Release Special Condition Three

Clemens argues the district court erred in imposing the requirement in special condition three that he "not view, possess, produce, or use any materials that depict . . . any form of sexually stimulating, sexually oriented, or pornographic materials." When exercising its wide discretion, the district court "must impose conditions that reasonably relate to the nature and circumstances of the offense, the defendant's history and characteristics, deterring criminal conduct, protecting the public, and promoting the defendant's correctional needs." Bordman, 895 F.3d at 1060

---

[2]In United States v. Bordman, where we applied Paroline to the statute before it was amended, we declined to transform the disaggregation factor "from a 'rough guidepost' into a 'rigid formula.'" 895 F.3d 1048, 1059 (8th Cir. 2018), cert. denied, 139 S. Ct. 1618 (2019). Other circuits have applied the factor differently, but to our knowledge no published decision has addressed this question under the amended statute. There may now be an additional question whether the new definition of "full amount of the victim's losses" in § 2259(c)(2) eliminated disaggregation as a "complication." Like the Court in Paroline, we can set that issue aside in this case.

(quotation omitted). Conditions must not constrain the defendant's liberty more than necessary; we are particularly reluctant to uphold sweeping restrictions on important constitutional rights. Id.

Clemens's Presentence Investigation Report recommended special condition three "based upon the nature and circumstances of the offense and the history and characteristics of the defendant." Clemens timely objected to special condition three, arguing in his sentencing brief that "it prohibits Mr. Clemens from accessing lawful materials which are protected by the First Amendment," and "there is absolutely no evidence that preventing him from looking at legal, adult pornography, or 'sexually stimulating' material will protect children or serve any useful purpose." At sentencing, after counsel stated they had nothing to add to their sentencing briefs, the district court overruled Clemens's objection:

> I understand that this language is broad enough to include adult sexual materials, as well as child pornography, but based on my review of the case law and this defendant's history and characteristics, of his involvement in possessing and downloading child pornography and also taking photographs of postpubescent and adult females in a clandestine manner, I find this to be an appropriate limitation on his supervised release. Quite frankly, for his own benefit in many ways . . . .

On appeal, Clemens argues that the above-quoted terms in special condition three are unconstitutionally vague and overbroad. He does not renew his objection to including adult pornography in the restriction. And rightly so. We have explicitly upheld conditions imposing adult pornography restrictions on child pornography offenders "that were obviously relevant to the child pornography offense at issue or to the defendant's history and characteristics." United States v. Deatherage, 682 F.3d 755, 764 (8th Cir. 2012). For example, in United States v. Mefford, we upheld a restriction on "any pornography" in part because the sex offender's criminal history, rather like in this case, included "convictions for outraging public decency by hiding

in a women's restroom at the state fair and taking pictures from under a stall[.]" 711 F.3d 923, 925 (8th Cir.), cert. denied 571 U.S. 900 (2013).

We have reviewed and upheld the three terms at issue -- "sexually stimulating," "sexually oriented," and "pornographic" -- in numerous cases where the conditions at issue were relevant to the offense of conviction or to the defendant's history and characteristics. See, e.g. Bordman, 895 F.3d at 1060 ("pornography"); United States v. Fonder, 719 F.3d 960, 961 (8th Cir. 2013) ("sexually stimulating or sexually oriented"); Mefford, 711 F.3d at 926 ("any pornography"); United States v. Hobbs, 710 F.3d 850, 855 (8th Cir. 2013) ("sexually stimulating or sexually oriented materials"); Deatherage, 682 F.3d at 764 ("pornographic images of sexually oriented materials"); United States v. Demers, 634 F.3d 982, 986 (8th Cir. 2011) (pornographic materials); United States v. Stults, 575 F.3d 834, 845 (8th Cir. 2009) ("any pornographic sexually oriented or sexually stimulating materials"), cert. denied, 559 U.S. 915 (2010); United States v. Boston, 494 F.3d 660, 667 (8th Cir. 2007) ("pornography, sexually stimulating or sexually oriented material"). While acknowledging that these terms are controversial and can be difficult to apply, we repeatedly rejected the argument that they are "sweeping restrictions on important constitutional rights" when the district court's individualized inquiry established that the condition was necessary to protect the public. Hobbs, 710 F.3d at 854-56.

Clemens attempts to distinguish this line of cases by noting that the similar special conditions "survived vagueness challenges because the condition included a 'modifier,'" such as sexually oriented material "deemed inappropriate by the U.S. Probation Officer in consultation with the treatment provider." Id. at 855. However, Clemens did not make this objection to the district court so it is not properly preserved. The conditions as quoted in a number of our prior opinions contained no such modifier -- see Mefford, Deatherage, Demers – and we have never suggested that such a modifier is necessary to avoid unconstitutional overbreadth or vagueness.

Beyond that, Clemens concedes that his First Amendment arguments are foreclosed by this line of cases.  He urges us to overrule them, but as a panel we may not do so.

The judgment of the district court is affirmed.

_____