# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3422
_____

United States of America

*Plaintiff - Appellee*

v.

Robert Phillip Ivers

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: September 21, 2021
Filed: September 27, 2021
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and BENTON, Circuit Judges.

_____

PER CURIAM.

After a jury found Robert Ivers guilty of threatening to murder a federal judge, *see* 18 U.S.C. § 115(a)(1)(B), and of communicating by interstate transmission a

threat to injure the person of another, *see id.* § 875(c), the district court[1] sentenced him to eighteen months' imprisonment and three years' supervised release. Ivers has repeatedly failed to abide by the conditions of his supervised release, and in this appeal he challenges the revocation sentence imposed for his most recent violations. He maintains that his six-month sentence is substantively unreasonable and that the district court abused its discretion in ordering him to reside for 180 days at a residential reentry center in North Dakota rather than Minnesota. We reject his contentions and affirm.

Ivers's challenge to the reasonableness of his prison term can be shortly dealt with because Bureau of Prisons records show that he was released from prison on September 7, 2021. Because this renders his appeal moot in this respect, we can give him no relief on this score. *See United States v. Hill*, 889 F.3d 953, 954 (8th Cir. 2018).

Ivers's challenge to his supervised-release condition requires a lengthy recitation of background facts and a more detailed consideration. At the beginning of his initial term of supervision, Ivers moved the court for permission to leave North Dakota to travel to Minnesota even though he had himself just requested to begin supervision in North Dakota. At a hearing on the motion, the court explained that its concern with the request was the "danger to the community" that Ivers would present, considering he had threatened to murder a Minnesota federal judge and had previously threatened state court judges there as well. In its order denying the motion, the court noted that Ivers had been on supervision for only two months and that the condition restricting travel "is especially important in a case involving a threat to murder another person and serves the particular purpose of protecting the public."

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation in the United States District Court for the District of Minnesota.

But, the court pointed out, "[w]ith the passage of time and his consistent compliance with the conditions of his term of supervision, [Ivers] may be able to demonstrate that this purpose is served regardless of where he resides."

Instead of accepting the court's invitation to develop a record of compliance, Ivers began a campaign of intimidation and manipulation to achieve his goal of traveling to Minnesota. He threatened and harassed his North Dakota probation officer until he refused to supervise Ivers any longer, and then he intentionally entered Minnesota even though his new probation officer warned him not to do so without permission. He was then arrested, and the district court revoked his supervised release and sentenced him to six months' imprisonment and thirty months' supervised release. The court also conditioned release on Ivers's residing in a North Dakota reentry center.

When Ivers began his new term of supervision at the residential reentry center, he refused to speak with his probation officer, refused to obtain health insurance so he could participate in mental health treatment, and got expelled from the reentry center for not complying with its rules. So when the court revoked his supervised release yet again, it imposed another term of supervision along with the condition that he stay 180 days in a North Dakota residential reentry center, the condition Ivers complains of now.

Conditions of supervised release must be reasonably related to the relevant sentencing considerations found in 18 U.S.C. § 3553(a), involve no greater deprivation of liberty than reasonably necessary, and be consistent with any pertinent policy statements in the Sentencing Guidelines. 18 U.S.C. § 3583(d). Courts have broad discretion in imposing release conditions. *United States v. Schaefer*, 675 F.3d 1122, 1124 (8th Cir. 2012).

We cannot say that the district court abused its discretion in requiring Ivers to reside at a North Dakota residential reentry center instead of a Minnesota one. Though the district court did not expressly find that Ivers still presents a danger to the community in Minnesota, we can hardly doubt that the court reimposed the challenged condition for that reason. "[I]t is enough that the basis for the imposed condition can be discerned from the record." *Id.* After all, since the court suggested that Ivers might be allowed to return to Minnesota in due time after demonstrating he wasn't dangerous, Ivers did little to instill confidence that he would be willing to obey the court or his probation officer. Further, we cannot fault the court for reimposing the condition that Ivers reside at a North Dakota reentry center for 180 days because, had the court not done so, it would have allowed Ivers to profit from his recalcitrance. The better path for Ivers to have rid himself of the condition would have been to satisfy it, not violate it. There is no abuse of discretion here.

Affirmed.

_____