**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1537

_____

UNITED STATES OF AMERICA

v.

LUKE SHAGER,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3:22-cr-00024-001)
District Judge:  Honorable Robert D. Mariani

_____

Submitted under Third Circuit LAR 34.1(a)
on March 4, 2025

Before: MATEY, FREEMAN and ROTH, <u>Circuit Judges</u>

(Opinion filed May 1, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

ROTH, Circuit Judge

Luke Shager appeals his conviction for sexually exploiting a ten-year old child. His attorneys, meanwhile, seek leave to withdraw because there is no non-frivolous ground for appeal. We agree with the attorneys, grant their motion, and affirm.

**I.**[1]

On November 23, 2020, the Wayne County District Attorney's office received a tip from the National Center for Missing and Exploited Children (NCMEC) that Luke Shager had been uploading child sexual abuse material (CSAM). Shager admitted to the police that he had been viewing CSAM for years, and a search of his devices revealed numerous images (and a smaller number of videos) of CSAM. Shager also admitted to molesting his minor daughter's friend during her sleep (two self-produced videos of which were found on his phone).

Shager was arrested by state police on January 14, 2021. Shortly thereafter, a federal grand jury charged him with violating 18 U.S.C. §§ 2423(b) (Interstate Travel to Engage in Illicit Sexual Conduct), 2422(b) (Online Enticement), 2423(a) (Interstate Transportation of a Minor), and 2251(a) (Sexual Exploitation of Children).[2] On July 26, 2022, the government and Shager entered into a plea deal in which Shager agreed to plead

---

[1] Because we write for the parties, we recite only those facts necessary to our disposition.
[2] Shager was also charged with two state counts, which were nolle prossed in light of his federal charges.

2

guilty to a single count of sexual exploitation under 18 U.S.C. § 2251(a).[3] That charge would be predicated on one of the videos he had created. Although the government agreed to drop the remaining charges, Shager nevertheless agreed to "pay restitution equal to the loss caused to any identifiable victim of [his] *uncharged or dismissed* conduct" relating to CSAM.[4] The District Court accepted Shager's guilty plea on May 26, 2023.

Shager's sentencing hearing took place on March 7, 2024. The District Court sustained Shager's sole (largely semantic) objection to the presentencing report (PSR), and otherwise adopted it in full. It then imposed a below-guideline sentence of 262 months' incarceration, along with a restitution award of $27,000 to be divided equally among nine of Shager's victims.[5] Shager appealed.

## II.[6]

If, after a conscientious review, "counsel is persuaded that [an] appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*."[7] To be adequate, that brief must both (1) show that counsel adequately has scoured the record, and (2) explain why he believes that any ground

---

[3] Shager claims that he only intended to plead guilty to violating 18 U.S.C. § 2423. But Paragraph A(1) of Shager's written plea agreement provided that he would plead guilty to violating 18 U.S.C. § 2251. And the District Court confirmed repeatedly during the change-of-plea colloquy that Shager knew what he was pleading guilty to.

[4] Appx. 49 (emphasis added).

[5] Although NCMEC was able to verify the identities of the children in 97 series of images on Shager's devices, only nine children requested restitution.

[6] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[7] 3d Cir. L.A.R. 109.2(a) (citing *Anders v. California*, 386 U.S. 738 (1967)).

for appeal would be frivolous.[8]  A ground for appeal is frivolous if it "lacks any basis in law or fact."[9]  If we agree that no non-frivolous issue exists, we will grant the motion to withdraw and affirm the judgment of the District Court.[10]

In reviewing an *Anders* brief, "we exercise plenary review to determine whether there are any such non-frivolous issues and review factual findings for clear error."[11]  The contours of our review hinge on the quality of the brief, and where we are comfortable counsel has fulfilled his obligations under *Anders*, "we may limit our review of the record to the issues counsel raised."[12]

Here, our review of the attorney's *Anders* brief convinces us that he has fulfilled his duty.  And our independent review, guided by his briefing, confirms that an appeal would be meritless.

## III.

The attorney notes four potential avenues for appeal: (1) the validity of Shager's charges, (2) the legitimacy of his plea, (3) the content of his PSR, and (4) the legality of his sentence.  He correctly concludes that these avenues are dead ends.

Beginning with Shager's charges, the District Court unquestionably had jurisdiction over the charged conduct, and Shager consented in his plea agreement to being prosecuted in the Middle District of Pennsylvania.[13]  While Shager did not receive a new grand jury

---

[8] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).
[9] *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988).
[10] *United States v. Brookins*, 132 F.4th 659, 671 n.15 (3d Cir. Apr. 1, 2025).
[11] *United States v. Langley*, 52 F.4th 564, 568 (3d Cir. 2022) (cleaned up).
[12] *Langley*, 52 F.4th at 569.
[13] *See* 18 U.S.C. § 3231; *United States v. Perez*, 280 F.3d 318, 328 (3d Cir. 2002).

4

indictment for the charge to which he ultimately plead guilty, he provided the District Court with a waiver of his right to that indictment.[14]

Turning to Shager's plea, the District Court gave a thorough change-of-plea colloquy, and Shager made a knowing and voluntary guilty plea.. The District Court confirmed that Shager was competent, went over with him under oath the rights he was forfeiting, and verified that he had not been improperly induced into entering the plea.[15] It double-checked that Shager had carefully reviewed the entirety of his plea agreement with his attorney, and that he had no questions regarding its terms and no qualms with his representation. [16] Throughout, the court encouraged Shager to ask questions and responded whenever he did so.

Shager claims he was unaware that his plea would let the District Court order restitution for the victims of his uncharged conduct. However, his plea bargain, which he testified he had carefully (and repeatedly) reviewed, explicitly provided for such restitution and contained a lengthy and detailed description of which uncharged offenses were

---

[14] *See* Fed. R. Crim. P. 7(b) (providing that a grand jury indictment is not required "if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment").

[15] Although Shager said he could not take the risk of going to trial, it is well-settled that this alone does not affect the voluntariness of a plea bargain. *See Bordenkircher v. Hayes*, 434 U.S. 357, 363-64 (1978). And while Shager made vague allegations of misconduct by the Pennsylvania authorities, he proceeded to make clear that he was pleading guilty because he *was* guilty, not because of any governmental pressure.

[16] While Shager challenged the government's factual basis, this challenge largely rested on a misunderstanding of the legal meaning of the term "penetration," which does not require piercing or otherwise violent conduct. *See Penetration*, Black's Law Dictionary (12th ed. 2024) (second definition). And although its definition of the term was legally correct, the government nevertheless agreed with Shager to use the alternative term "contact" to assuage his concerns.

covered.  While this portion of the agreement was not expressly recapitulated at colloquy,

Shager was reminded generally that he would be paying "restitution for identifiable victims

in the images of child pornography."[17]  Although Shager acknowledges that he discussed

the issue of uncharged restitution payments with counsel before sentencing, neither he nor

his counsel ever asked the court to reopen his plea.  As such, this argument cannot support

an appeal.[18]

Moving on to Shager's PSR, the record reveals that he made one formal objection

to it—which the District Court sustained.  When asked if there was anything else in the

PSR to which Shager wished to object, his counsel affirmatively stated that there was not.

Although Shager attempted to relitigate certain aspects of the PSR during his allocution,

he acknowledged that he was not lodging a formal objection and was doing so solely to

---

[17] Appx. 68.  Shager's restitution liability towards the victims of his uncharged offenses was also discussed repeatedly in his PSR.

[18] *See United States v. Agarwal*, 24 F.4th 886, 891 (3d Cir. 2022) (holding that we review challenges to plea-bargain validity for plain error when no objection is made in the trial court).  To the extent that Shager takes issue with the *amount* of restitution ordered by the Court—any such argument would be plainly meritless.  Shager cites the United States Supreme Court's holding in *Paroline v. United States*, which limited restitution awards in CSAM cases to "the defendant's relative role in the causal process that underlies the victim's general losses." 572 U.S. 434, 458 (2014). But *Paroline* interpreted a since-amended statute, which now provides that "the court shall order restitution in an amount . . . which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B); *see generally United States v. Clemens*, 990 F.3d 1127, 1129-30 (8th Cir. 2021).  As such, the District Court's award of $3,000 to each petitioning victim represented the minimum permissible restitution award.

provide the court with additional insight into his mental state. The District Court was therefore entitled to rely upon the amended PSR in imposing sentence.[19]

Arriving finally at that sentence, the District Court's imposition of 262 months' imprisonment was plainly permissible. Given that Shager pled guilty to violating 18 U.S.C. 2251(a), the District Court was required to sentence him to at least 180 (and no more than 360) months in prison.[20] Since all parties agreed that Shager's offense level under the Sentencing Guidelines was 40, that his criminal history fell in category I, and that nobody requested a departure, the District Court correctly calculated his guideline range at 292-360 months.[21] The court then went through each of the 18 U.S.C. § 3553(a) factors, weighed the aggravating and mitigating circumstances, and settled on a sentence which was 30 months lower than the bottom of that range. This individualized assessment showed "meaningful consideration of the relevant statutory factors and the exercise of independent judgment, based on a weighing of" those factors.[22] Because we cannot conclude that "no reasonable sentencing court would have imposed" a 262 month sentence, it was substantively reasonable as well.[23]

---

[19] *See* Fed. R. Crim. P. 32 (i)(3)(A) (providing that the court "may accept any undisputed portion of the presentence report as a finding of fact"). Shager acknowledges that he did in fact discuss his final PSR with his attorney prior to sentencing. *See United States v. Senke*, 986 F.3d 300, 316-17 (3d Cir. 2021).

[20] *See* 18 U.S.C. § 2251(e).

[21] *See United States v. Cora-Alicea*, 100 F.4th 478, 482 (3d Cir. 2024) (noting that "[d]istrict courts must first calculate the initial Guidelines range, then rule on any motions to depart from the initial range and state the final, departed-to range, and—finally—exercise discretion to choose a sentence within or outside the final range based on the sentencing factors. . . .").

[22] *See United States v. Grier*, 475 F.3d 556, 571-72 (3d Cir. 2007) (en banc).

[23] *See United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

**IV.**

Having concluded that the attorneys' *Anders* brief was sufficient, we are not required to consider issues identified for the first time in Shager's pro se brief.[24] But even if we were, it would make no difference.

Shager's brief largely focuses on his belief that his lawyer was ineffective, and his allegations that the Pennsylvania and federal governments withheld and modified evidence. In at least some instances, these allegations rest on Shager's apparent misreading of the documents he purports to rely on. But, even assuming they have merit, we are the wrong court to hear them.

Because this is a direct appeal, we are usually limited to evidence that is already in the record.[25] And because that is almost never enough to judge how effective a lawyer was, we "have a firmly established general policy against entertaining ineffective assistance of counsel claims on direct appeal."[26] Here, Shager himself acknowledges that an evidentiary hearing would be needed to address any of his allegations. His option for raising them is to file a post-conviction motion under 28 U.S.C. § 2255, following the procedures (and timeline) laid out in that statute.[27]

**V.**

---

[24] *See Langley*, 52 F.4th at 575.
[25] *See generally In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 96 (3d Cir. 1990).
[26] *Ellison v. Rogers*, 484 F.3d 658, 661 (3d Cir. 2007) (cleaned up).
[27] *See United States v. Thornton*, 327 F.3d 268, 272 (3d Cir. 2003).

For the above reasons, we conclude that no non-frivolous ground exists for an appeal of Luke Shager's sentence.  We will grant his attorney's motion to withdraw and affirm Shager's conviction and sentence.